OPINION
{¶ 1} Defendant-appellant, Thomas Phillips, appeals the decision of the Madison County Court of Common Pleas classifying him as a sexual predator. We affirm the trial court's decision.
 {¶ 2} Appellant was indicted on one count of rape and subsequently pled no contest to attempted rape in violation of R.C. 2923.02, a second-degree felony. The victim was appellant's 11-year-old stepdaughter. The trial court accepted the plea and found appellant guilty of attempted rape. Prior to sentencing the trial court ordered that a presentence investigation report ("PSI") be prepared and that appellant undergo a psychological examination. On February 21, 2003, the trial court held a combined sentencing and sexual predator hearing. Appellant was sentenced accordingly and classified as a sexual predator. He appeals the sexual predator classification, raising two assignments of error.
 {¶ 3} Assignment of Error No. 1:
 {¶ 4} "The trial court erred in the admission of testimony of Chief McKinney during appellant's sexual predator classification hearing, thereby depriving appellant of due process of law as guaranteed by the fourteenth amendment to the United States Constitution and comparable provisions of the Ohio Constitution."
 {¶ 5} At the sexual predator hearing, the trial court permitted Chief Terry McKinney of the South Solon Police Department, over appellant's objection, to testify as to statements made by the victim and the victim's mother. In his first assignment of error, appellant contends that the trial court abused its discretion by allowing this hearsay testimony.
 {¶ 6} A trial court has broad discretion to admit or exclude evidence and absent a clear abuse of discretion, a reviewing court will not disturb the trial court's decision. State v.Combs (1991), 62 Ohio St.3d 278, 284. A trial court does not abuse its discretion unless it acts arbitrarily, unreasonably, or unconscionably. State v. LaMar, 95 Ohio St.3d 181, 191,2002-Ohio-2128, at ¶ 40.
 {¶ 7} Because the objective of a sexual predator determination hearing is to determine the offender's status, not guilt or innocence, such hearings are broadly considered analogous to a sentencing or probation hearing. State v. Cook,83 Ohio St.3d 404, 425, 1998-Ohio-291. Consequently, the Ohio Supreme Court has held that, pursuant to Evid.R. 101(C), "the Ohio Rules of Evidence do not strictly apply to sexual predator determination hearings." Id. Thus, at a sexual predator classification hearing, the trial court is authorized to entertain items of evidence that would otherwise be barred as inadmissible, such as reliable hearsay. Id.; State v. Lee
(1998), 128 Ohio App.3d 710, 719. Hearsay is considered reliable when it bears "sufficient indicia of reliability to support its probable accuracy," or when there is "a reasonable probability that it is true." Id.
 {¶ 8} Review of the record does not indicate that any of Chief McKinney's testimony is dubious or inaccurate. In fact, review of the record reveals that the substance of his testimony is reflected in the PSI and is again referenced in the psychological evaluation. We thus conclude that his testimony constitutes reliable hearsay and that the trial court did not abuse its discretion in permitting his testimony. Accord Statev. Razzano, Lorain App. No. 02CA008054, 2002-Ohio-5262. The assignment of error is overruled.
 {¶ 9} Assignment of Error No. 2:
 {¶ 10} "The trial court's classification of appellant as a sexual predator is not supported by sufficient evidence as a matter of law."
 {¶ 11} In his second assignment of error, appellant argues that the trial court's decision classifying him a sexual predator was made in error, as the record does not contain evidence indicating that he is likely to commit another sexually oriented offense.
 {¶ 12} A sexual predator classification must be supported by clear and convincing evidence. R.C. 2950.09(B)(3). Clear and convincing evidence is evidence that "will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus; see, also, State v.Eppinger, 91 Ohio St.3d 158, 164, 2001-Ohio-247. While clear and convincing evidence is "more than a mere preponderance" of the evidence, it is less than that which constitutes evidence "beyond a reasonable doubt." Id. at 164, citing Cross at 477.
 {¶ 13} A sexual predator is statutorily defined as a person "who has been convicted of or pleaded guilty to committing a sexually[-]oriented offense and is likely to engage in the future in one or more sexually[-]oriented offenses." R.C. 2950.01(E). As stated above, appellant was convicted of rape, a sexually-oriented offense. Thus the issue before the trial court was whether appellant was likely to commit another sexually-oriented offense in the future.
 {¶ 14} R.C. 2950.09(B)(2)(a) through (j) list the factors a trial court must consider in determining whether a person is a sexual predator. The trial court is not required to find that the evidence presented supports a majority of the factors before making the sexual predator classification. State v. Boshko
(2000), 139 Ohio App.3d 827, 840. Rather, the trial court has discretion to rely upon one factor more than another, depending upon the circumstances of the case. Id. A single conviction may support a finding that a defendant is a sexual predator in certain cases. See State v. Higgins (May 22, 2000), Clermont App. No. CA99-07-068; State v. Nicholas (Apr. 6, 1998), Warren App. No. CA97-04-035.
 {¶ 15} In this case, the trial court considered the evidence that weighed in favor of finding some of the statutory factors listed in R.C. 2950.09(B). Evidence at the hearing demonstrated that appellant was 51 years old when he engaged in sexual conduct with the victim. The victim was his 11-year-old stepdaughter. As the victim's stepfather, appellant was in a position of trust and authority; this position facilitated the commission of the offense. Appellant, after his conviction for the offense, failed to accept responsibility for his offense and maintained that the sexual contact was accidental. The trial court also considered the evidence which weighed against the sexual predator finding, including the psychological exam which indicates that appellant poses a low risk of recidivism. However, the trial court concluded that this evidence was outweighed by the evidence related to the statutory factors. We agree.
 {¶ 16} Having reviewed the record, we conclude that there is clear and convincing evidence to support the trial court's determination that appellant is a sexual predator. The second assignment of error is overruled.
 {¶ 17} The judgment is affirmed.
Judgment affirmed.
Young, P.J., and Valen, J., concur.