OPINION
{¶ 1} The instant appeal has been taken from a judgment of the Stark County Court of Common Pleas, dated June 13, 2003. In that judgment, the trial court granted the motion of appellee, Attorney John H. Frieg, to dismiss the pending claim pertaining to him in the underlying case. Upon reviewing this judgment in the context of the entire trial proceeding, this court concludes that the judgment is not a final appealable order under Civ. R. 54(B). Accordingly, we cannot address the merits of the assignment of error submitted by appellant, Jamel A. Smith.
 {¶ 2} In January 2003, appellant commenced the underlying action by filing a complaint for money damages under Section 1983, Title 42 of the United States Code. As the factual basis for his sole claim for relief, appellant essentially alleged that certain public officials had violated his basic constitutional rights during the course of his arrest on drug charges in March 2002. Specifically, he alleged that three police officers had seriously injured him during the arrest, and had then predicated the subsequent charges against him on a false assertion that he had tried to discard the drugs in his possession immediately prior to the arrest.
 {¶ 3} In his initial complaint, appellant only named four members of the Canton City Police Department as defendants in the action. However, in late February 2003, appellant filed an amended complaint in which he named thirteen additional individuals and public entities as defendants in the matter. Included in these new defendants was appellee, who had acted as appellant's defense counsel in the separate criminal case on the drug charges.
 {¶ 4} In late April 2003, appellant submitted a second amended complaint in the underlying action. In this new pleading, he asserted seven new claims for relief against the thirteen new defendants. In regard to appellee, appellant alleged that appellee had not rendered effective assistance of counsel during the criminal case and had actually forced him to enter a guilty plea to the charges. Appellant further alleged that appellee had acted in concert with the prosecutor and trial judge in the criminal case to "cover up" the injuries he had suffered during the arrest.
 {¶ 5} Even before appellant had filed the second amended complaint, the other twelve new defendants in the case had submitted multiple motions to dismiss the matter for failure to state a viable claim for relief under Civ. R. 12(B)(6). Throughout April and May 2003, the trial court granted each of the motions to dismiss for a variety of reasons. As a result, by early June 2003, all of the other new defendants had been dismissed as parties to the action. However, none of the dismissal judgments issued by the trial court were applicable to the four police officers named as defendants in appellant's original complaint. In addition, none of the dismissal judgments contained a finding of "no just reason for delay" under Civ. R. 54(B).
 {¶ 6} On May 23, 2003, appellee moved to dismiss the sole claim pertaining to him, arguing that a viable basis for that claim did not exist because appellant had signed a plea agreement prior to entering his plea in the criminal proceeding. Approximately three weeks later, the trial court rendered a separate judgment which granted appellee's motion and dismissed appellant's entire complaint as to him. Like the other dismissal entries, this new judgment did not refer to the original four defendants and did not have any finding pursuant to Civ. R. 54(B).
 {¶ 7} After appellant had initiated the instant appeal by filing a timely notice of appeal from the foregoing judgment, appellee moved this court to dismiss this matter in its entirety. As the grounds for that particular motion, appellee did not contest whether we had jurisdiction over the appealed judgment; instead, he only argued that appellant had not raised a proper assignment of error for our consideration. Nevertheless, since it would be inappropriate for us to go forward in an appeal wherever the record before us indicates a lack of jurisdiction, this court has the inherent authority to sua sponte raise a question as to the finality of the appealed judgment even when the appellee has failed to do so. See In re Estate of Geanagel, 147 Ohio App.3d 131,2002-Ohio-850.
 {¶ 8} It is well established under Ohio law that a judgment of a trial court will be considered a "final appealable order" only when it can satisfy the requirements of R.C. 2505.02 and, if applicable, the requirements of Civ. R. 54(B). Stewart v. Midwestern Indemn. Co. (1989),45 Ohio St.3d 124. In the present matter, the appealed judgment clearly settles the underlying action, insofar as it pertains to appellee, totally in his favor and prevents appellant from ever prevailing on the final merits; therefore, to this extent, the judgment before us satisfies the requirements for finality under R.C. 2505.02(B)(1). However, because the underlying action involves multiple defendants and claims, Civ. R. 54(B) is also applicable in this instance. This rule states:
 {¶ 9} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 10} Under the unambiguous language of Civ. R. 54(B), if a trial court's written decision fully disposes of fewer than all of the pending claims or parties in a civil action, that decision will not be deemed a "final judgment" unless the trial court has also made an express finding of no just reason for delay. Without such a finding, such a decision is interlocutory in nature, is not immediately appealable, and can be revised by the trial court at any time prior to the final determination of the entire action. See, e.g., Ruiz v. Carabello (1997),117 Ohio App.3d 388.
 {¶ 11} In the instant action, our review of the trial record readily shows that when the appealed judgment dismissing appellee was issued in June 2003, the trial court had not rendered any type of decision concerning the final merits of appellant's complaint as to the original four defendants. Thus, because the underlying case was still pending as to those parties, the appealed judgment could only be considered "final" for purposes of Civ. R. 54(B) if it also contained an express determination of no just reason for delay. As was noted above, the trial court did not make such a determination in this instance. As a result, the appealed judgment is not reviewable at this time because it fails to satisfy the requirements for finality under the rule.
 {¶ 12} As an aside, this court would note that, after appellant had filed the instant appeal, the original four defendants moved the trial court for summary judgment as to the claims against them. Even though appellant immediately submitted a response to the summary judgment motion, the trial court has not issued a judgment on the motion during the entire time this appeal has been pending. Under such circumstances, none of the dismissal judgments, including the judgment regarding appellee, are appealable in the absence of the required finding under Civ. R. 54(B).
 {¶ 13} Pursuant to the foregoing analysis, this court concludes that we lack the jurisdiction to consider the merits of this appeal because the appealed judgment is not a final appealable order. Therefore, it is the sua sponte order of this court that the instant appeal is hereby dismissed.
Ford, P.J., Eleventh Appellate District, sitting by assignment, Christley, J., Eleventh Appellate District, sitting by assignment, concur.