OPINION
{¶ 1} Appellant Dennis Sapp appeals
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} Appellant Dennis Sapp was convicted of murder, in violation of R.C. 2903.02 in 1984 in Morgan County Common Pleas Court Case NO. CR-84-30.
 {¶ 4} In 2003, the Department of Rehabilitation and Corrections for the State of Ohio requested a sexual predator hearing to determine appellant's status pursuant to the Sex Offender Registration Act, R.C. Chapter 2950.
 {¶ 5} On August 22, 2003, a classification hearing was held before the Morgan County Court of Common Pleas.
 {¶ 6} By judgment entry filed January 19, 2005, the trial court classified appellant as a "sexual predator."
 {¶ 7} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 ASSIGNMENTS OF ERROR {¶ 8} "I. IT IS ERROR FOR THE TRIAL COURT TO FIND DEFENDANT A SEXUAL PREDATOR WHEN HE DOES NOT MEET THE DEFINITION OF ONE COMMITTING A SEXUALLY ORIENTED OFFENSE.
 {¶ 9} "II. IT IS ERROR FOR THE TRIAL COURT TO FIND DEFENDANT A SEXUAL PREDATOR WHEN THE RECORD LACKS CLEAR AND CONVINCING EVIDENCE OF HIS SEXUAL PREDATOR STATUS.
 {¶ 10} "III. IT IS ERROR FOR THE TRIAL COURT TO FIND DEFENDANT A SEXUAL PREDATOR WITHOUT FIRST CONSIDERING THE FACTORS FOUND IN SECTION 2950.09(B)(3) OF THE OHIO REVISED CODE."
 I. {¶ 11} Appellant sets forth that he was not convicted of a sexually oriented offense because the murder charge that he pled guilty to did not contain any sexually motivated specifications. Appellee, in support of its contention that the trial court properly declared appellant to be a sexually oriented offender, relies on the concept that appellant's offense of murder was committed with a purpose to gratify appellant's sexual needs or desires. Appellee's argument derives from former R.C.2950.01(D)(3), which defines a "sexually oriented offense" as:
 {¶ 12} "Regardless of the age of the victim of the offense, a violation of section 2903.01 [aggravated murder], 2903.02 [murder], 2903.11 [felonious assault], or 2905.01 [kidnapping] of the Revised Code, or of division (A) of section 2903.04
[involuntary manslaughter] of the Revised Code, that is committed with a sexual motivation."
 {¶ 13} In the case sub judice, Appellant was convicted of murder, the question for the trial court was whether such murder was committed with a sexual motivation.
 {¶ 14} Appellant, in his confession, stated:
 {¶ 15} ". . . I was at the couch trying to put the make on Marlene. I believe she stated I was too young. I did not try to force her to have sex with me, I was sitting on the floor in front of the couch I got up from the floor and went to the kitchen, got a large knife from the drawer as I was walking from the kitchen to the living room marlene seen the knife in my hand, she just looked at me, then I got to the couch and she said what are you doing? I don't' know if she answ [sic], I don't' know if I answered her, I think, I then started, excuse me, I then stabbed her with the knife, she then said you can have anything you want, I stabbed her several times." (T. at 4).
 {¶ 16} As the trial court had before the transcript containing the above confession of Appellant, we find that the trial court did not err in finding that the murder was sexually motivated.
 {¶ 17} Assignment of Error I is denied.
 II., III. {¶ 18} In assignments of error II and III, Appellant claims the trial court's classification of "sexual predator" was inconsistent with the "clear and convincing evidence" standard of R.C. 2950.09. We agree.
 {¶ 19} In State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291, the Supreme Court of Ohio determined R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained inC.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279. We find this to be the applicable standard as the Cook
court addressed a similar challenge under a manifest weight standard of review. See, Cook at 426.
 {¶ 20} R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination:
 {¶ 21} "(2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 22} "(a) The offender's age;
 {¶ 23} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 24} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 25} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 26} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 27} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 28} "(g) Any mental illness or mental disability of the offender;
 {¶ 29} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 30} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 31} "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
 {¶ 32} In State v. Eppinger (2001), 91 Ohio St.3d 158, 163
2001-Ohio-247, 743 N.E.2d 881, 886supra, the Ohio Supreme court set forth the requirements for conducting a sexual predator hearing. Of relevance to the case at bar, the Court noted "[f]inally, the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism. See State v. Thompson, supra. See, also, State v. Russell
(Apr. 8, 1999), Cuyahoga App. No. 73237, unreported, 1999 WL 195657; State v. Casper (June 10, 1999), Cuyahoga App. Nos. 73061, 73064, 73062 and 73063, unreported, 1999 WL 380437". Id. at 166, 743 N.E.2d at 889.
 {¶ 33} In the case at bar, the State presented evidence at the classification hearing as to the criminal history record of Appellant indicating that Appellant had three misdemeanor convictions, felony convictions for escape and auto theft as well as a commitment to the Department of Juvenile Services as juvenile; the S.B. 180 packet from the Ohio Department of Corrections and Rehabilitation, Appellant's written confession and the BCI Investigative report. The Ohio Department of Corrections and Rehabilitation made no recommendation of a classification.
 {¶ 34} The State also presented evidence that at the time of the offense, Appellant was under the influence of alcohol, and the brutality of the offense. Additionally, the State asked that the trial court consider the disparity in the ages of the Appellant the victim, with the victim being 39 years old at the time of the offense and the Appellant being 21.
 {¶ 35} As stated above, at the conclusion of the classification hearing, the trial court requested that the parties brief the issue as to whether the motive for the murder in the instant case met the statutory criteria for a sexually oriented offense. Each of the parties filed a one-page post hearing memorandum. The trial court's January 18, 2005, Journal Entry determining Appellant's classification reads, in its entirety:
 {¶ 36} "After hearing statements from the parties and having read, reviewed and considered the parties' post hearing memorandum the Court hereby finds that the Defendant, Dennis Sapp is a sexual predator and should be classified as such.
 {¶ 37} "IT IS SO ORDERED."
 {¶ 38} Upon review, we find that the trial court did not make any findings of fact or conclusions of law, by clear and convincing evidence, within its journal entry, stating which statutory criteria it considered. Furthermore, there was no evidence presented nor a determination made that Appellant was likely to commit future sexually oriented crimes. The State did not provide the evidence that would have been needed to establish its case, and thus, the trial court's adjudication was based on insufficient evidence.
 {¶ 39} The trial court erred in adjudicating Appellant as a sexual predator.
 {¶ 40} Assignment of Error III is denied.
 {¶ 41} This case is remanded to the trial court to issue its findings and appropriate entries, based on the existing record, with respect to Appellant's classification as a sexual predator according to law and consistent with this Opinion.
By Boggins, J. Gwin, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Morgan County, Ohio is affirmed in part, reversed in part and remanded to the trial court for proceedings consistent with this opinion and the law. Costs to Appellee.