OPINION
{¶ 1} Defendant-appellant, Ricky Brewer, appeals the determination of the Fayette County Court of Common Pleas that he is a sexual predator as defined by R.C. 2950.09. Finding no error, we affirm appellant's classification as a sexual predator.
 {¶ 2} Appellant was indicted on six counts of rape, one count of attempted rape, and one count of gross sexual imposition. Pursuant to a negotiated plea agreement appellant pled guilty to six counts of sexual battery and was sentenced accordingly. Following a sexual predator hearing, the trial court classified appellant as a sexual predator. Appellant appeals the classification raising a single assignment of error:
 {¶ 3} "THE TRIAL COURT'S CLASSIFICATION OF APPELLANT AS A SEXUAL PREDATOR IS NOT SUPPORTED BY SUFFICIENT EVIDENCE AS A MATTER OF LAW."
 {¶ 4} In his assignment of error, appellant argues that the trial court's decision classifying him a sexual predator was made in error, as the record does not contain evidence indicating that he is likely to commit another sexually oriented offense.
 {¶ 5} A sexual predator is statutorily defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). Since appellant pled guilty to sexual battery, a sexually-oriented offense, at issue in the instant matter is whether the state presented clear and convincing evidence that appellant is likely to engage in future sexually-oriented offenses. See State v. Cook, 83 Ohio St.3d at 423-424,1998-Ohio-291. Clear and convincing evidence is "that measure or degree of proof which will provide in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." State v. Eppinger, 91 Ohio St.3d 158, 164, 2001-Ohio-247, quoting Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus. When reviewing a trial court's decision finding clear and convincing evidence, an appellate court "examine[s] the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof." Cook at 431.
 {¶ 6} R.C. 2950.09(B)(2)(a) through (j) list the factors a trial court must consider in determining whether a person is a sexual predator. The trial court is not required to find that the evidence presented supports a majority of the factors before making the sexual predator classification. State v. Boshko
(2000), 139 Ohio App.3d 827, 840. Rather, the trial court has discretion to rely upon one factor more than another, depending upon the circumstances of the case. Id.
 {¶ 7} Having reviewed the record, we conclude that the trial court's sexual predator determination is supported by the evidence. Appellant, who was a corrections officer, is the 36-year-old biological father of the victim. She was 13 years old when the abuse began and it continued over the course of two and a half years. It began with a game of "truth or dare" in which appellant asked to see the victim's chest. The abuse progressed to include numerous instances of oral sex. Appellant justified the incidents as educational, and stated that he did not want her to be curious, and wanted to be her teacher. After several of the incidents appellant asked the victim to pray with him.
 {¶ 8} While appellant argues that the state failed to offer any expert evidence as to his likelihood of recidivism, such evidence is not required when making a sexual predator determination. The Ohio Supreme Court has held that testimony of an expert witness is admissible at a sexual predator hearing "if the court determines, within its sound discretion, that such services are reasonably necessary to determine whether the offender is likely to engage in the future in one or more sexually oriented offenses within the meaning of R.C. 2950.01(E)." Eppinger, 91 Ohio St.3d at syllabus. Even if such evidence is offered, a trial court making a sexual predator determination is not required to accept the expert's conclusions.State v. Taylor, Fayette App. Nos. CA2005-01-001 and CA2005-01-004, ¶ 28; State v. Phillips, Madison App. No. CA2003-03-012, 2004-Ohio-2301, ¶ 15. Rather, the trial court is free to consider all of the evidence relating to the factors enumerated in R.C. 2950.09(B)(3), and has discretion to determine how much weight to allocate to each factor. State v. Thompson,92 Ohio St.3d 584, 2001-Ohio-1288, paragraph one of the syllabus.
 {¶ 9} Review of the record confirms that the evidence presented was sufficient to provide a firm belief or conviction that appellant is likely to commit one or more sexually-oriented offenses in the future. Appellant's sole assignment of error is overruled.
 {¶ 10} Judgment affirmed.
Young and Bressler, JJ., concur.