OPINION
{¶ 1} Defendant-appellant, Patrick J. Clark, appeals the decision by the Clermont County Municipal Court that he committed the offense of menacing by stalking with a sexual motivation and that his conviction would not be exempt from sexually oriented offender registration.
 {¶ 2} Appellant was found guilty in a bench trial of menacing by stalking in connection with his encounters with an adult female in 2004 and 2005. After the finding of guilt, but before sentencing, the state asked the trial court to find that appellant's charge was a sexually oriented offense. To do so, the trial court was required to find that menacing by stalking was committed with a sexual motivation. See R.C. 2950.01; R.C.2950.02.
 {¶ 3} After continuances of several months, the trial court held a hearing and found that appellant committed the offense with a sexual motivation. The trial court found that the offense should not be exempt from registration requirements, which, in turn, required appellant to register as a sexually-oriented offender.[1] After the trial court imposed a sentence on appellant, appellant instituted the instant appeal, presenting three assignments of error for review.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "APPELLANT'S FIFTH AMENDMENT RIGHT TO DUE PROCESS OF LAW WAS UNCONSTITUTIONALLY INFRINGED[.]"
 {¶ 6} Appellant lists the Fifth Amendment as the basis for his first assignment of error. However, his first issue under this assignment asserts a Sixth Amendment challenge and his second issue cites only to Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348, to argue that the trial court's findings served as an impermissible increase in punishment.
 {¶ 7} While a multiple punishment argument may fall under the umbrella of the Fifth Amendment Double Jeopardy Clause, it appears that appellant has not adequately supported his stated first assignment of error. See App. R. 16(A)(7), App. R. 12(A)(2), and State v. Steele, Butler App. No. CA2003-11-276,2005-Ohio-943, ¶ 130-132 (appellate court may disregard an assignment of error where the litigant has not provided any substantive argument in its brief for its assignment of error). However, we will briefly address appellant's additional punishment and Sixth Amendment argument herein.
 {¶ 8} As we previously noted, appellant cites to Apprendi v.New Jersey for his argument that the trial court should not be permitted to make a finding that imposed an additional punishment beyond that found by the trier of fact when he was found guilty beyond a reasonable doubt of the offense of menacing by stalking.
 {¶ 9} Appellant asserts that the trial court's finding that the menacing offense was committed with a sexual motivation permitted imposition of the additional punishment of sexual offender registration.
 {¶ 10} We reject appellant's argument based upon his premise that offender registration involves additional punishment. The sexual offender notification, reporting, and verification requirements under Chapter 2950 are remedial and do not constitute punishments. See State v. Cook, 83 Ohio St.3d 404,1998-Ohio-291, certiorari denied (1999), 525 U.S. 1182,119 S.Ct. 1122; State v. Williams, 88 Ohio St.3d 513, 528-532,2000-Ohio-428, certiorari denied, 531 U.S. 902, 121 S.Ct. 241
(notice provisions of R.C. Chapter 2950 neither criminal nor punitive); State v. Hayden, 96 Ohio St.3d 211, 2002-Ohio-4169;State v. Brown (Oct. 19, 1998), Warren App. Nos. CA98-03-034, CA98-04-046, CA98-05-059 (sexual predator law does not constitute punishment and is regulatory, rather than punitive in nature);State v. Meredith, Warren App. No. CA2004-06-062, 2005-Ohio-062, ¶ 41, appeals not accepted for review,106 Ohio St.3d 1558, 2005-Ohio-5531 and 109 Ohio St.3d 1497,2006-Ohio-2762 (Ohio Supreme Court has repeatedly held that non-punitive measures such as registration are civil in nature and pass constitutional muster as a rational exercise of the state's police powers).
 {¶ 11} Accordingly, the trial court's actions did not offendApprendi. State v. Greenwalt (Jan. 11, 2001), Tuscarawas App. No. 00AP090061, appeal not allowed, 91 Ohio St.3d 523,2001-Ohio-4462 (appellant's reliance on Apprendi v. New Jersey
is inapplicable to the instant case as the Ohio Supreme Court has deemed the registration requirements under R.C. Chapter 2950 not to be a penalty for the underlying crime); see State v. Davis,
Cuyahoga App. No. 85348, 2005-Ohio-371, ¶ 30-33 (in light of fact that R.C. Chapter 2950 is not punitive in nature, appellant'sApprendi argument is without merit); see, generally, Coston v.Petro (S.D.Ohio 2005), 398 F.Supp.2d 878.
 {¶ 12} Appellant also asserts that his Sixth Amendment right to be informed of the nature of the accusations against him was violated when the possibility of a sexual motivation finding was not raised until after trial. Appellant cited a disbarment proceeding as an analogous authority for his assertion, while acknowledging that "Ohio's statutory scheme sanctions it."
 {¶ 13} While we did not find a case on point, this court notes that there are courts that have apparently considered a showing of sexual motivation at the offender registration stage. See, e.g., State v. Golden, Hamilton App. No. C-030460, C-030461, 2004-Ohio-2276 (reversed and remanded where trial court did not permit state opportunity to show that previous version of abduction offense was committed with sexual motivation and where presenting such evidence at the criminal trial might have been prejudicial to defendant and irrelevant to determination of guilt); see, e.g., State v. Sapp, Morgan App. No. 05-CA-5,2006-Ohio-1296, ¶ 11-16 (no error where trial court, using transcript of defendant's confession from 1985 murder trial, determined at 2005 predator hearing that defendant committed murder with a sexual motivation); c.f. State v. Davis, Cuyahoga App. No. 85348, 2005-Ohio-371, ¶ 30-33 (sexual predator determination is not like a charge or specification because it is remedial, not punitive; it cannot comprise a substantive element of the charged sexual offense and defendant not entitled to notice in indictment that he might be subject to predator determination).
 {¶ 14} The issue advanced by appellant must be viewed within the context of the sexual offender registration process. As we previously stated, R.C. Chapter 2950 has been determined to be remedial and not punitive. Since appellant is not incurring any further punishment, it is not clear what prejudice appellant suffered when the state requested that the trial court look at appellant's sexual motivation, or lack thereof, during the registration process after trial.
 {¶ 15} Appellant indicates that he might have mounted a different defense or requested a trial by jury. Appellant's argument is not convincing when it is noted that appellant's defense was and continues to be that he never stalked the female victim and, in fact, did not know and had not met her until she obtained a protection order against him. Appellant denied all allegations made against him, regardless of the nature of facts or the legal procedure that followed.
 {¶ 16} It is also important to note that sexual motivation is not an element of the criminal offense of menacing by stalking that needed to be proven to obtain a finding of guilt on the criminal charge. Therefore, we find no error when the trial court permitted the state to raise the sexual motivation issue after trial. Appellant's first assignment of error is overruled.
 {¶ 17} Assignment of Error No. 2:
 {¶ 18} "THE TRIAL COURT ERRED IN FINDING THAT APPELLANT'S MENACING BY STALKING WAS COMMITTED WITH SEXUAL MOTIVATION THEREBY MAKING IT A SEXUALLY ORIENTED OFFENSE[.]"
 {¶ 19} R.C. 2950.01(D)(1)(e) states that a "sexually oriented offense" includes a violation of R.C. 2903.211 (menacing by stalking) when the victim is eighteen years of age or older and the offense is committed with a sexual motivation. R.C.2971.01(J) defines "sexual motivation" as "a purpose to gratify the sexual needs or desires of the offender."
 {¶ 20} Evidence was presented to the trial judge in the criminal trial that an adult female victim began receiving telephone calls in late 2004 from a man she did not know who said he needed to see her, knew where she lived, and wanted to be her "owner."
 {¶ 21} In November 2004, appellant appeared at the victim's apartment door and asked the victim to let him inside. The victim testified that she recognized the man's voice as the voice of the caller who said he wanted to own her. After he was refused entrance, appellant was seen getting into a white Ford pickup truck. Evidence was also presented that appellant lived in the same apartment complex as the victim.
 {¶ 22} The victim's husband testified that he observed appellant in the white pickup truck and spoke with appellant on the phone after the husband called the number his wife found displayed on her cell phone. The victim's husband testified that appellant told him during that conversation that the victim was "leading him on," but he had no intention of contacting her.
 {¶ 23} In March 2005, the victim began receiving phone calls from appellant at her workplace. During one of those calls, appellant told the victim that he was sending her a gift. The victim received flowers at her apartment door the next day. The card sent with the flowers was addressed "to my girl," and signed, "Your owner."
 {¶ 24} Appellant allegedly called the victim at her workplace approximately every other day. The victim testified that appellant made reference to the flowers in subsequent phone calls. During an April 2005 phone call, appellant told the victim that he was following her. When the victim told him she did not believe him, appellant correctly identified the clothing the victim was wearing that day.
 {¶ 25} Approximately one week later, the victim noticed appellant sitting in his white pickup truck outside of an apartment she had just visited in their complex. Appellant reportedly pulled his vehicle very close to the victim's vehicle bumper as she drove toward her own apartment.
 {¶ 26} After that incident, the victim sought and received a protection order against appellant. The victim testified that she personally observed appellant sign the protection order, acknowledging service thereof.
 {¶ 27} After the victim obtained the order, appellant reportedly began calling her daily at work. The victim testified that appellant repeatedly told her in the phone calls that he wanted to hurt her and wanted to own her. Also during one of those calls, appellant told her that he had sent her some mail. The victim indicated that she received email from appellant that week.
 {¶ 28} During the trial on the charge, the trial court did not permit the state to introduce an exhibit that purported to be a printout of the email sent to the victim by appellant. However, for purposes of the registration hearing, the trial court considered the printout. The printout was also referenced in two psychological reports written for the registration hearing and the presentence investigation ("PSI") report.
 {¶ 29} The email used the victim's first name and asked whether she had ever been raped. The email said that any "responsible Dominant should find this out before going very far." A subsequent email indicated, "I'm not very happy with what you pulled in court this week I thought I meant more to you than that. [sic] It's ok I will have you someday. The following is how you will pay." The email proceeded to describe how a lit cigarette would be applied to various parts of the victim's body, specifically various erogenous zones, and how the victim's breasts would be nailed to a board or table.
 {¶ 30} After reviewing the record before us, we cannot say that the trial court erred in finding that appellant was gratifying his sexual needs or desires. The graphic nature of the email aside, appellant repeatedly told the victim over a course of months that he wanted to and would "own" the victim. His behavior both on the phone and in person indicated that appellant attempted to impose his dominance over the victim by illustrating that he could contact and shadow the victim whenever he wanted. Appellant told the victim's husband that the victim was "leading him on," which provides the logical inference that appellant was viewing the situation within a sexual context. We do not find that the trial court erred in finding that appellant acted with a sexual motivation.
 {¶ 31} Appellant also contests the trial court's decision to admit the printout of the email for its determination of sexual motivation.
 {¶ 32} The issue of sexual motivation was determined within the context of the sexual offender registration process. The Rules of Evidence do not strictly apply to sexual offender classification hearings. See State v. Cook,83 Ohio St. 3d at 425. The trial court is authorized to entertain items of evidence that would otherwise be barred as inadmissible, such as reliable hearsay. State v. Phillips, Madison App. No. CA2003-03-012,2004-Ohio-2301, ¶ 7 (hearsay is considered reliable when it bears "sufficient indicia of reliability to support its probable accuracy," or when there is "a reasonable probability that it is true").
 {¶ 33} As we previously noted, the email was discussed both in the psychologist's report, in the social worker's report, and in the PSI. See State v. Phillips, ¶ 6-8; State v. Imler,
Franklin App. No. 04AP-1246, 2005-Ohio-4241, ¶ 9 (no error in sexual predator hearing to consider reliable hearsay in PSI).
 {¶ 34} The trial court indicated that it appeared that the email came from appellant's computer, but the trial court excluded the email in the criminal trial "with an abundance of caution." It does not appear that the email lacked such reliability to require its exclusion at the subsequent sexual motivation and offender registration hearing.
 {¶ 35} We disagree with appellant's assertion that the trial court relied "heavily, if not entirely upon the email in reaching its conclusion that appellant acted with sexual motivation."
 {¶ 36} The trial court mentioned the email after it had moved to the sentencing phase of this case. The trial court noted that it had denied admission of the email during the criminal trial, but admitted considering it in regard to appellant's sexual motivation and the registration proceeding. The trial court indicated that it found the email disturbing, but appeared to consider it in conjunction with the opinions of the psychologist who evaluated appellant and issued a report.
 {¶ 37} We cannot say that the trial court abused its discretion when it admitted the email printout for purposes of determining appellant's sexual motivation as part of the registration process. See State v. Sage (1987),31 Ohio St.3d 173, paragraph two of syllabus; State v. Phillips,2004-Ohio-2301, at ¶ 6 (admission of evidence at predator hearing within trial court's discretion). Further, there was certainly other evidence, as previously outlined, for the trial court to find that appellant acted with a sexual motivation. Appellant's second assignment of error is overruled.
 {¶ 38} Assignment of Error No. 3:
 {¶ 39} "THE TRIAL COURT ERRED IN REMOVING THE PRESUMPTION THAT APPELLANT'S SEXUALLY ORIENTED OFFENSE WAS REGISTRATION-EXEMPT[.]"
 {¶ 40} "Presumptive registration-exempt sexually oriented offense" means any of the following sexually oriented offenses, including menacing by stalking with a sexual motivation, when the offense is committed by a person, who is 18 years of age or older, who previously has not been convicted of or pleaded guilty to committing any sexually oriented offense described in division (P)(1)(a), (b), (c), (d), or (e) of this section or any other sexually oriented offense, and, when the victim or intended victim of the offense is eighteen years of age or older. R.C.2950.01(P)(1)(a); R.C. 2950.01(D)(1)(e).
 {¶ 41} R.C. 2950.01(Q)(1), states that a "Registration-exempt sexually oriented offense" means any presumptive registration-exempt sexually oriented offense, if a court does not issue an order under section 2950.021 of the Revised Code that removes the presumptive exemption and subjects the offender who was convicted of or pleaded guilty to the offense to registration under section 2950.04 of the Revised Code * * *."
 {¶ 42} Pursuant to R.C. 2950.021(A), "[i]f an offender * * * pleads guilty to * * * any presumptive registration-exempt sexually oriented offense, the court that is imposing sentence on the offender for that offense * * * may determine, prior to imposing the sentence, * * * that the offender should be subjected to registration under section 2950.04 of the Revised Code * * *."
 {¶ 43} In making a determination under this division, the court shall consider all relevant factors, including, but not limited to, "public safety, the interests of justice, and the determinations, findings, and declarations of the general assembly regarding sex offenders * * * that are set forth in section 2950.02 of the Revised Code." R.C. 2950.021(A).
 {¶ 44} As a general rule, the statutory use of the word "may" is construed to make the provision in which it is contained optional, permissive, or discretionary. State v. Linnen,
Franklin App. No. 04AP-1138, 2005-Ohio-6962, ¶ 19, citingDorrian v. Scioto Conservancy Dist. (1971), 27 Ohio St.2d 102,107. Since the trial court "may" determine that the offender should be subject to registration requirements, it is clear that the trial courts make determinations under R.C. 2950.021 in the exercise of their sound discretion. State v. Linnen, ¶ 19-20.
 {¶ 45} In the case at bar, the trial court indicated on the record that it had considered all of the factors, such as the public safety, interests of justice, etc., in making the determination that it should remove the presumptive exemption, which would subject appellant to registration as a sexually oriented offender. See, also State v. Cooper, Hamilton App. No. C-030921, 2004-Ohio-6428, ¶ 21.
 {¶ 46} We find that the trial court did not abuse its discretion in removing the presumption of registration exemption for appellant's offense. Appellant's third assignment of error is overruled.
 {¶ 47} Cross-Assignment of Error No. 1:
 {¶ 48} "THE TRIAL COURT ERRED IN FINDING THAT STATE'S EXHIBIT 2 WAS NOT AUTHENTICATED."
 {¶ 49} The State of Ohio files this cross-appeal, challenging the trial court's decision to exclude the printout of the email during appellant's criminal trial.
 {¶ 50} We overrule the State's cross-assignment of error as we do not find that the trial court abused its discretion in its determination of the admission or exclusion of evidence at trial. See State v. Sage, 31 Ohio St.3d at paragraph two of syllabus.
Judgment affirmed.
Powell, P.J., and Bressler, J., concur.
[1] A sexually-oriented offender is one who has committed a "sexually oriented offense" as that term is defined in R.C.2950.01(D) but who does not fit the description of either habitual sex offender or sexual predator. State v. Cook,83 Ohio St.3d 404, 407, 1998-Ohio-291.