[Cite as *Cherry Lane Dev., L.L.C. v. Walnut Twp.*, 2011-Ohio-425.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CHERRY LANE DEVELOPMENT, LLC, ET AL. | JUDGES: Hon. William B. Hoffman, P.J. Hon. Sheila G. Farmer, J. |
| Plaintiffs-Appellees | Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 10-CA-28 |
| WALNUT TOWNSHIP, ET AL. | O P I N I O N |
| Defendant-Appellants | |

CHARACTER OF PROCEEDING:     Fairfield County Common Pleas Court,
                             Case No. 09-CV-774

JUDGMENT:                    Dismissed

DATE OF JUDGMENT ENTRY:      January 27, 2011

APPEARANCES:

For Appellees                    For Appellants

DANIEL FRUTH                     D. JOE GRIFFITH
TODD PECHAR                      CARRIE SNOKE LOTT
Stebelton, Aranda & Snider       Dagger, Johnston, Miller,
109 North Broad Street, P.O. Box 130   Ogilvie & Hampson
Lancaster, Ohio 43130            144 East Main Steet, P.O. Box 667
                                  Lancaster, Ohio 43130

                                          And

                                 STEVEN DAVIS
                                 Crabbe, Brown & James
                                 111 South Broad Street, Suite 209
                                 Lancaster, Ohio 43130

*Hoffman, P.J.*

{¶1} Defendants-appellants Walnut C&DD, LLC, Barbara S. Mock, Jerry L. Mock, and Micro Construction, LLC ("the Mocks") appeal the April 26, 2010 Entry entered by the Fairfield County Court of Pleas, which enjoined Walnut Township, its Zoning Commission, Board of Trustees, and the Zoning Inspector from issuing a certificate of zoning clearance to Appellants. Plaintiffs-appellees are Cherry Lane Development, LLC, Irene DiPaolo, and Ronald DiPaolo ("the DiPaolos").

STATEMENT OF THE FACTS AND CASE

{¶2} Ronald and Irene DiPaolo, by and through their company Cherry Lane Development, LLC, own real property located at 415 Canal Road, in Baltimore, Fairfield County, Ohio. Jerry and Barbara Mock own two parcels of property ("the Property"), adjacent to the DiPaolos' property, which lie in the unincorporated territories of Walnut Township, Fairfield County, Ohio. In early February, 2008, Jerry Mock filed an application for zoning amendment to rezone the Property from I-1, light industrial, to I-2, general industrial. The DiPaolos opposed the rezoning of the Property on the grounds the Mocks were planning to build a construction and demolition debris landfill, commonly known as a "C&DD facility". The Mocks had begun the application process for a C&DD license, and had commenced construction on the facility in late, 2007. The zoning amendment application was scheduled for hearing before the Zoning Commission on March 6, 2008.

{¶3} The Zoning Commission met on March 6, 2008, but did not take any action on the application because the requisite recommendation by the regional planning commission had not been included. The matter was rescheduled to April 3,

2008. Thereafter, the Mocks supplemented their application with much of the missing information. The Zoning Commission did not publish or mail notice of the April 3, 2008 hearing.

**{¶4}** At the April 3, 2008 hearing, the Zoning Commission recommended approval of the application. The recommendation was based, in part, on the regional planning commission's recommendation which was founded upon the premise the zoning change was only for the purpose of existing business. The Zoning Commission forwarded the application and its recommendation to the Board of Trustees for determination. The Trustees scheduled a public hearing for April 22, 2008, and issued notice of such. The Trustees issued new notices after postponing the hearing until May 6, 2008. At the public hearing, the Trustees voted to approve the application and rezone the Property to I-2. The DiPaolos filed a referendum contest to challenge the zoning amendment approved by the Trustees. The Fairfield County Board of Elections dismissed the DiPaolos' petition based upon the DiPaolos' use of faulty maps. The maps utilized by the DiPaolos in their petition were the same maps used by the Mocks in their rezoning application.

**{¶5}** In December, 2008, the Ohio Environmental Protection Agency, through the Fairfield County Department of Health, granted the Mocks a license to construct and operate a C&DD facility on the Property. The license was renewed in 2009. Thereafter, on June 11, 2009, the DiPaolos filed a Complaint against the Mocks, the Trustees, and the Zoning Commission, among others. In their Complaint, the DiPaolos sought: 1) a declaration from the trial court finding Resolution 15-08 null and void, and preliminary and permanent injunction against the Walnut Township, the Zoning Commission, the

Zoning Inspector, and the Trustees to enjoin them from issuing any certificate of zoning clearance or any other permit, document, or the like in reliance on said resolution; and the issuance of a preliminary and permanent injunction against the Mocks to enjoin them from operating a landfill on the property;  2) a declaration from the trial court finding Resolution 15-08 to be void as a matter of law; and the issuance of preliminary and permanent injunctions as previously requested; and 3) a writ of mandamus compelling Walnut Township, the Township Zoning Commission, the Township Zoning Inspector, and the Trustees to enforce the zoning code with respect to the Property.

**{¶6}** The trial court issued an order granting a temporary restraining order pursuant to the DiPaolos' motion.  The trial court conducted a preliminary injunction hearing on August 31, and September 1, 2009.  By agreement of the parties, the hearing was limited to three questions: 1) whether the DiPaolos had standing to challenge Resolution 15-08; 2) whether Resolution 15-08 was properly passed; and 3) whether the DiPaolos were entitled to preliminary injunction.  Via Entry filed October 22, 2009, the trial court found the DiPaolos had standing to challenge the resolution.  The trial court issued an Entry on April 26, 2010, granting injunctive relief and, ordering the Township to refrain from issuing any certificate of zoning clearance or other permit based upon Resolution 15-08.  Thereafter, on May 18, 2010, the trial court issued an Entry, which overruled the DiPaolos request for preliminary and permanent injunction against the Mocks, and overruled as moot their request for preliminary injunction against the Township and its agents, as the trial court had granted permanent injunction.

**{¶7}** It is from the April 26, 2010 Entry, the Mocks appeal, raising as error:

{¶8} "I. THE TRIAL COURT ERRED IN FINDING THE STATE LAW PREEMPTION ISSUE NOT RIPE BECAUSE, IF THE I-2 ZONING CHANGE WAS INVALID, THE STATE LAW PREEMPTION MATTER IS RIPE FOR DETERMINATION.

{¶9} "II. THE TRIAL COURT ERRED IN FINDING THAT THE TOWNSHIP FAILED TO COMPLY WITH § 519.12."

{¶10} As a preliminary matter, we must first determine whether the order under review is a final appealable order. If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss it. See *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266. In the event that the parties to the appeal do not raise this jurisdictional issue, we may raise it sua sponte. See *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 541 N .E.2d 64, syllabus; *Whitaker-Merrell v. Carl M. Geupel Const. Co.* (1972), 29 Ohio St.2d 184, 186, 58 O.O.2d 399, 280 N.E.2d 922.

{¶11} An appellate court has jurisdiction to review and affirm, modify, or reverse judgments or final orders of the trial courts within its district. See Section 3(B)(2), Article IV, Ohio Constitution; see also R.C. § 2505.02 and *Fertec, LLC v. BBC & M Engineering, Inc.,* 10th Dist. No. 08AP-998, 2009-Ohio-5246. If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss it. See *Gen. Acc. Ins. Co.,* supra at 20 .

{¶12} To be final and appealable, an order must comply with R.C. 2505.02 and Civ.R. 54(B), if applicable. R.C. § 2505.02(B) provides the following in pertinent part:

{¶13} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

**{¶14}** "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

**{¶15}** "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment."  R.C. 2505.02.

**{¶16}** Civ.R. 54(B) provides:

**{¶17}** "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."  Civ.R. 54.

**{¶18}** Therefore, to qualify as final and appealable, the trial court's order must satisfy the requirements of R.C. § 2505.02, and if the action involves multiple claims and/or multiple parties and the order does not enter a judgment on all the claims and/or as to all parties; as is the case here, the order must also satisfy Civ.R. 54(B) by including express language that "there is no just reason for delay." *Internatl. Bhd. of Electrical Workers, Local Union No. 8 v. Vaughn Indus., L.L.C.,* 116 Ohio St.3d 335, 879

N.E.2d 187, 2007-Ohio-6439, ¶ 7, citing *State ex rel. Scruggs v. Sadler,* 97 Ohio St.3d 78, 776 N.E.2d 101, 2002-Ohio-5315, ¶ 5-7.

**{¶19}** In the case sub judice, neither the April 26, 2010 Entry, the entry from which the Mocks filed their Notice of Appeal, nor the May 18, 2010 Entry contain the requisite Civ.R. 54(B) language.   Our review of the record reveals the Mocks' counterclaim remains pending as of August 16, 2010, the date on which the trial court record was transmitted to this Court.  Furthermore, it is arguable the DiPaolos' request for writ of mandamus also remains pending.[1]   Our decision is supported by the trial court's notation in both the April 26, 2010 Entry and the May 18, 2010 Entry, "This matter shall proceed accordingly", indicating the trial court recognized it had not disposed of all of the claims.

**{¶20}** Pursuant to Civ.R. 54, it is clear the trial court's April 26, 2010 and May 18, 2010 Entries did not fully dispose of all of the pending claims or parties in the action; therefore, the decision is not considered a "final judgment" as the trial court did not make an express finding of "no just reason for delay". See, *Smith v. Wyatt,* 5th Dist. No.2003CA 00233, 2005-Ohio-371, ¶ 10. Absent such a finding, the decision is interlocutory in nature, is not immediately appealable, and can be revised by the trial court at any time prior to the final determination of the entire action. Id*.*

---

[1] While the DiPaolos' counsel stated the enforcement of the I-1 zoning ordinance was a matter between the Mocks and Walnut Township, they did not file a notice of dismissal. Likewise, the trial court's declaration the DiPaolos had abandoned this claim without formally dismissing it creates uncertainty as to whether it technically remains pending.

{¶21}  This appeal is dismissed for lack of jurisdiction.

By: Hoffman, P.J.

Farmer, J.  and

Delaney, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


CHERRY LANE DEVELOPMENT, LLC,
ET AL.                                        :
                                              :
        Plaintiffs-Appellees                  :
                                              :
-vs-                                          :          JUDGMENT ENTRY
                                              :
WALNUT TOWNSHIP, ET AL.                        :
                                              :
        Defendant-Appellants                  :          Case No. 10-CA-28


        For the reason stated in our accompanying Opinion,   this   appeal   is   dismissed

for lack of jurisdiction.  Costs to Appellant.


                                    s/ William B. Hoffman _____
                                    HON. WILLIAM B. HOFFMAN


                                    s/ Sheila G. Farmer _____
                                    HON. SHEILA G. FARMER


                                    s/ Patricia A. Delaney _____
                                    HON. PATRICIA A. DELANEY