OPINION
{¶ 1} Plaintiff-appellant, Samuel Webb, an inmate and pro se litigant, appeals from a judgment of the Court of Claims of Ohio that found in favor of defendant-appellee, Grafton Correctional Institution ("GCI"). For the following reasons, we affirm.
 {¶ 2} According to plaintiff, on or about September 30, 2000, Barry Smith, a corrections officer at GCI, confiscated plaintiff's beard trimmer because plaintiff impermissibly loaned it to Keith Overton, another inmate.[1] Thereafter, Smith allegedly threatened disciplinary action against plaintiff unless plaintiff and Overton secured a pornographic magazine from another inmate for Smith. Plaintiff and Overton subsequently obtained the magazine from the other inmate and provided it to Smith, who allegedly read the magazine while on duty. Later, Smith apparently returned the beard trimmer to plaintiff and the magazine to the inmate from whom it was secured.
 {¶ 3} According to plaintiff, Smith's misconduct was subsequently exposed and, in retaliation against plaintiff, Smith falsely accused plaintiff of conspiring to frame Smith and another corrections officer. As a result of Smith's accusation, plaintiff was placed in isolation for a short period of time while Smith's allegation against plaintiff was investigated. It was later determined that there was no substantial evidence to support Smith's accusation that plaintiff conspired to frame Smith and the other corrections officer. Following this determination concerning plaintiff's involvement in the alleged conspiracy, plaintiff was released from isolation. Sept. 4, 2003 Tr. at 17.
 {¶ 4} On November 12, 2002, plaintiff sued GCI in the Court of Claims. After GCI answered plaintiff's complaint, on February 27, 2003, plaintiff moved for leave to amend his complaint pursuant to Civ.R. 15(A). Construing plaintiff's motion as a motion for leave to file a supplemental pleading pursuant to Civ.R. 15(E), on March 28, 2003, the Court of Claims granted plaintiff's motion and granted leave until April 4, 2003, to file a supplemental complaint.
 {¶ 5} On April 28, 2003, plaintiff filed a supplemental pleading pursuant to Civ.R. 15(E). However, after concluding plaintiff's supplemental pleading failed to state a claim that was cognizable in the forum, the Court of Claims struck this pleading. May 6, 2003 Entry. See, also, April 29, 2003 Entry (striking a proposed amended complaint); June 17, 2003 Entry (denying motion to supplement complaint).
 {¶ 6} On August 6, 2003, the matter came to trial. Before the presentation of all evidence, the Court of Claims recessed proceedings and continued the matter to September 4, 2003.
 {¶ 7} On September 11, 2003, the Court of Claims rendered judgment in favor of CGI. In its judgment, the Court of Claims found plaintiff failed to produce sufficient evidence to support his claims and that, based upon the evidence and law, plaintiff showed no right to relief. Additionally, the Court of Claims found that Corrections Officer Smith at all relevant times acted within the course and scope of his employment and did not act with malicious purpose, in bad faith, or in a wanton or reckless manner with regard to plaintiff. Therefore, the Court of Claims found Smith was entitled to civil immunity pursuant to R.C. 9.86
and 2743.02(F).
 {¶ 8} Following judgment, plaintiff moved the Court of Claims for an order placing its judgment in abeyance. Construing this motion as a request to toll the period for filing an appeal, the Court of Claims denied plaintiff's motion.
 {¶ 9} On October 6, 2003, plaintiff appealed from the Court of Claims' judgment. Additionally, plaintiff contemporaneously moved the Court of Claims for an order to transcribe the trial proceedings at state expense or, alternatively, for an order to permit plaintiff to prepare the record pursuant to App.R. 9(C). The Court of Claims granted plaintiff's motion to file an App.R. 9(C) statement in lieu of a transcript.
 {¶ 10} Accordingly, plaintiff filed a proposed App.R. 9(C) statement, and later plaintiff filed modifications to this statement. GCI failed to timely object to plaintiff's App.R. 9(C) statement. Additionally, GCI unsuccessfully moved to strike plaintiff's App.R. 9(C) statement. On December 4, 2002, the Court of Claims granted, in part, plaintiff's motion to modify his narrative statement; supplemented plaintiff's App.R. 9(C) statement with portions of the trial transcript; and approved plaintiff's App.R. 9(C) statement as supplemented.
 {¶ 11} On appeal, plaintiff assigns the following errors:
I. The trial court abused its authority by having ex parte communication with Appellant's witnesses prior to trial, contra to the Code of Judicial Conduct, Canon 3(B)(2)(5) and (7) * * * and Disciplinary Rule DR 1-102(A)(5), dismissing witnesses during ex parte communication without giving the Appellant the opportunity to proffer, thus denying the Appellant's Due process Rights as guaranteed by the Fourteenth Amendment of the United States Constitution — and — Article I Section § 16 of the Ohio Constitution.
II. The trial court committed fatal error during 5 to 10 minutes pre-trial hearing, prior to Opening Statements by excluding 41 witnesses * * * without allowing Plaintiff-Appellant to proffer completely by interrupting Appellant when proffer attempted to be made, and when witnesses had already been dismissed prior to hearing[.]
III. The trial court abused its discretion when it denied the Plaintiff-Appellant his request to present the testimony of two (2) rebuttal witnesses to rebut testimony of Officer B. Smith.
IV. The decision of the trial court is contrary to law and against the manifest weight of the evidence.
 {¶ 12} Plaintiff's first assignment of error asserts that the Court of Claims had ex parte communications with plaintiff's witnesses prior to trial and improperly dismissed witnesses without providing plaintiff with an opportunity to proffer evidence.
 {¶ 13} Based upon our independent review of the record, we find no evidence to support plaintiff's claim that the Court of Claims had ex parte communications with plaintiff's witnesses prior to trial. Furthermore, based upon our review, we find the evidence does not support plaintiff's contention that he requested to proffer evidence and the Court of Claims denied plaintiff an opportunity to proffer. To the contrary, we find the Court of Claims provided plaintiff with several opportunities to establish a record. See, e.g., Aug. 6, 2003 Tr. at 8, 16-17, 54 and 60-61. See, also, Sept. 4, 2003 Tr. at 41, 61, 80, 81, 82 and 84.
 {¶ 14} Accordingly, we overrule plaintiff's first assignment of error.
 {¶ 15} Plaintiff's second assignment of error asserts that in a pre-trial hearing the Court of Claims excluded forty-one witnesses without allowing plaintiff to proffer evidence or without allowing plaintiff to completely proffer evidence.
 {¶ 16} "A trial court has broad discretion to admit or exclude evidence and absent a clear abuse of discretion, a reviewing court will not disturb the trial court's decision. * * * A trial court does not abuse its discretion unless it acts arbitrarily, unreasonably, or unconscionably.") State v.Phillips, Madison App. No. CA2003-03-012, 2004-Ohio-2301, at ¶ 6. See, also, State v. Hymore (1967), 9 Ohio St.2d 122, 128, certiorari denied (1968), 390 U.S. 1024, 88 S.Ct. 1409 (observing that "[t]he trial court has broad discretion in the admission and exclusion of evidence and unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, this court should be slow to interfere"); Evid.R. 104(A) (providing that preliminary questions concerning the admissibility of evidence shall be determined by a court subject to the provisions of Evid.R. 104[B]).
 {¶ 17} Here, we find the evidence does not support plaintiff's contention that in a pretrial hearing the Court of Claims improperly excluded 41 witnesses, thereby prejudicing plaintiff. Furthermore, based upon our independent review of the record, we cannot conclude that the Court of Claims abused its discretion when it excluded evidence due to lack of relevance. See, e.g., Aug. 6, 2003 Tr. at 8, 16, 29-30, and 36. Sept. 4, 2003 Tr. at 58-59, and 61. See, also, Evid.R. 402 (providing that "[e]vidence which is not relevant is not admissible"); Evid.R. 401 (providing that "`relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence").
 {¶ 18} Accordingly, plaintiff's second assignment of error is overruled.
 {¶ 19} Plaintiff's third assignment of error asserts the Court of Claims abused its discretion when it denied plaintiff's request to present testimony of two rebuttal witnesses to refute the testimony of Corrections Officer Smith.
 {¶ 20} Here, we find no evidence in the record that the Court of Claims denied plaintiff's request to present testimony of two rebuttal witnesses to refute Smith's testimony. Consequently, we presume the validity of the trial proceedings. See, e.g., Knappv. Edward Laboratories (1980), 61 Ohio St.2d 197, 199 ("[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm"). Furthermore, as to this assignment of error, we find plaintiff has not sustained his burden of showing error by reference to matters in the record. See Wray v. Parsson (1995), 101 Ohio App.3d 514, 518, appeal not allowed, 73 Ohio St.3d 1413, reconsideration denied,73 Ohio St.3d 1455 ("[i]t is fundamental that the appellant bears the burden of affirmatively demonstrating error on appeal. * * * Appellant also has the responsibility of providing the reviewing court with a record of the facts, testimony, and evidentiary matters which are necessary to support the appellant's assignments of error").
 {¶ 21} Accordingly, we overrule plaintiff's third assignment of error.
 {¶ 22} Plaintiff's fourth assignment of error asserts the trial court's decision is contrary to law and against the manifest weight of the evidence.
 {¶ 23} "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Constr. Co.
(1978), 54 Ohio St.2d 279, syllabus. When reversing a judgment as being against the manifest weight of the evidence, an appellate court is guided by a presumption that the findings of the trier of fact are correct. Seasons Coal Co., Inc. v. Cleveland
(1984), 10 Ohio St.3d 77, 79-80. Furthermore, "an appellate court should not substitute its judgment for that of the trial court when there exists * * * competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial judge." Id. at 80.
 {¶ 24} In concluding that plaintiff failed to produce sufficient evidence to support his claim, the Court of Claims found plaintiff's claim sounded in negligence. See Sept. 11, 2003 Judgment Entry (stating that "[p]laintiff brought this action against defendant alleging negligence").
 {¶ 25} To establish actionable negligence, a party must show the existence of a duty, breach of the duty, and injury resulting proximately therefrom. Menifee v. Ohio Welding Products, Inc.
(1984), 15 Ohio St.3d 76, 77. Based upon our review, we find the record supports the Court of Claims' conclusion that plaintiff failed to produce sufficient evidence to support a negligence claim. Furthermore, we find nothing in the record to rebut the presumption of correctness concerning the Court of Claims' finding that Corrections Officer Smith was entitled to civil immunity. See Seasons Coal, at 79-80.
 {¶ 26} However, construing plaintiff's complaint as required by Civ.R. 8(F),[2] we find plaintiff's complaint, in addition to asserting negligence, conceivably can be construed to assert claims of false imprisonment, criminal violations,[3] and constitutional violations. Nevertheless, even assuming arguendo that plaintiff asserted as error the Court of Claims' failure to render judgment concerning these claims, for the following reasons we find no prejudicial error.
 {¶ 27} "False imprisonment occurs when a person confines another intentionally `"without lawful privilege and against his consent within a limited area for any appreciable time, however short."'" Bennett v. Ohio Dept. of Rehab. Corr. (1991),60 Ohio St.3d 107, 109, quoting Feliciano v. Kreiger (1977),50 Ohio St.2d 69, 71, quoting 1 Harper James, the Law of Torts (1956) 226, Section 3.7. See, also, Bennett, at paragraph two of the syllabus (holding that "[p]ursuant to R.C. 2743.02[A][1], the state may be held liable for the false imprisonment of its prisoners").
 {¶ 28} Plaintiff's complaint suggests that plaintiff's placement in isolation during the investigation of Smith's accusation against plaintiff constituted false imprisonment because it was later determined that there was no substantial evidence to support Smith's accusation that plaintiff conspired to frame Smith.
 {¶ 29} In Bell v. Wolfish (1979), 441 U.S. 520, 547-548,99 S.Ct. 1861, the United States Supreme Court stated:
Prison administrators * * * should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. * * * "Such considerations are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." * * *
See, also, Perotti v. Ohio Dept. of Rehab. Corr. (1989),61 Ohio App.3d 86, 90 (construing Wolfish, supra) (observing that "[t]he decision to place the plaintiff in isolation falls within the category of those decisions of the institution that should be `accorded wide-ranging deference'").
 {¶ 30} Here, we find no substantial evidence in the record to indicate that, by placing plaintiff in isolation for a short period, GCI officials exaggerated their response to preserve internal order and discipline and to maintain institutional security.
 {¶ 31} Moreover, to the extent that plaintiff's complaint asserts constitutional claims, we find the Court of Claims is an inappropriate forum to consider such claims. See Langford v.Ohio Dept. of Rehab. Corr. (Dec. 27, 2001), Franklin App. No. 01AP-580 (finding the Court of Claims lacks jurisdiction to hear a claim to the extent that it asserts constitutional violations).
 {¶ 32} Additionally, to the extent that plaintiff's complaint also can be construed to assert criminal violations against GCI, we find the Court of Claims is an inappropriate forum to consider these claims as well. See, generally, R.C. 2743.03(A)(1) (providing that the Court of Claims has exclusive, original jurisdiction of all civil actions against the state that are permitted by the state's waiver of immunity). Cf. R.C. 2901.12(A) (providing that "[t]he trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed").
 {¶ 33} Therefore, based upon the foregoing analysis, plaintiff's contention that the Court of Claims' judgment is contrary to law and against the manifest weight of the evidence is unpersuasive.
 {¶ 34} Accordingly, plaintiff's fourth assignment of error is overruled.
 {¶ 35} Consequently, having overruled plaintiff's four assignments of error, we therefore affirm the judgment of the Court of Claims of Ohio.
Judgment affirmed.
Klatt and Watson, JJ., concur.
[1] See, generally, Ohio Adm. Code 5120-9-33(K) (providing, in pertinent part, that "[i]nmates shall not trade, sell, barter, loan, or give away any personal property").
[2] Civ.R. 8(F) provides that "[a]ll pleadings shall be so construed as to do substantial justice."
[3] In his complaint, plaintiff alleged, "Defendant may be held liable 2743.02(A)(1), 2921.05(A), 2905.11(A)(3) to-wit;2903.22(A), 2905.12(A)(5), 2923.31(E)." Complaint, filed Nov. 12, 2002.