[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] We have sua sponte ordered that the appeals numbered C-040410 and C-040441 be consolidated with the appeal numbered C-040387.
 JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Defendant-appellant Robert Howard was indicted for aggravated robbery, in violation of R.C. 2911.01(A)(1), and robbery, in violation of R.C.2911.02(A)(2). Following a bench trial, Howard was acquitted of the aggravated robbery but convicted of the robbery. Howard now appeals. In two assignments of error, Howard argues that (1) the trial court erred by imposing a four-year prison term upon him, and (2) his conviction was against the manifest weight of the evidence. We disagree and affirm the judgment of the trial court.
In his first assignment of error, Howard argues that his four-year prison sentence was unfair because his more culpable co-defendant had been given the same term following a guilty plea. But we may modify a sentence only if we clearly and convincingly find that the sentence is contrary to law.[2]
Howard was convicted of robbery, a felony of the second degree. Under R.C. 2929.13(D), for a second-degree felony, "it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under [R.C. 2929.11]." A second-degree felony carries a possible prison term of two to eight years.[3] In this case, the trial court sentenced Howard to a prison term of four years.[4]
Under R.C. 2929.11, in imposing a felony sentence, a trial court must consider the overriding purposes of felony sentencing, which are to protect the public from future crime and to punish the offender.[5] A sentence should be reasonably calculated to achieve these purposes, "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."[6] While consistency is the goal of the sentencing guidelines, uniformity is not.[7] So even co-defendants with a similar criminal history can properly be sentenced to different terms of imprisonment.[8]
In sentencing Howard, the trial court considered Howard's lengthy criminal record, which included offenses of violence and drug trafficking, and that Howard had served prison terms for three different offenses. The court noted that the robbery victim in this case was an elderly, disabled man who had been injured by Howard and his co-defendant in the attack. The court appropriately expressed its disgust with the pair's behavior, as well as its belief that both men deserved longer prison terms than the four-year term that had been imposed upon the co-defendant. But rather than imposing a longer term for Howard, the court departed from its own sense of fairness and imposed upon him a shorter term than it believed he deserved. Howard in no way suffered prejudice as a result. Following our review of the record, we cannot say that Howard's sentence was contrary to law.[9] Therefore, we overrule the first assignment of error.
In his second assignment of error, Howard argues that his conviction was against the manifest weight of the evidence. When reviewing a weight-of-the-evidence question, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[10] The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact.[11]
Howard claims that the identification testimony by the robbery victim was weak and that the testimony of his co-defendant was not credible. We have reviewed the record and conclude that even without the testimony of the co-defendant, which the trial court found less than credible, the court did not lose its way in finding Howard guilty of robbery.
The record demonstrates that two men burst into the apartment of an elderly, handicapped man, knocked him to the floor, and demanded money. During the robbery, the victim went to a separate room and telephoned the police. When the men left, the victim noted that a videotape recorder, kitchen knife, cellular phone, leather key case, and silver key ring had been stolen. The victim later learned that his telephone card had also been taken. The victim immediately called police again and described the two men by their dark clothing, dark masks, and statures. Within minutes, police officers arrived at the apartment building and monitored the building's stairwell and elevators. Howard exited from one of the building's elevators where an officer was waiting. Howard was wearing dark clothing.
The police officers took Howard upstairs to the victim's apartment for identification. The officers noted that Howard's demeanor changed from being calm and cooperative to a state of trembling, nervousness, profuse sweating, and lip licking as he faced the robbery victim. The victim recognized Howard's voice and identified him by his stature. During a pat-down of Howard, an officer recovered a dark mask from one pocket and a telephone card bearing the name of the victim from another pocket.
Howard admitted his involvement in the offense, though he attempted to downplay his role. Howard gave information regarding the whereabouts of his co-defendant. Officers went directly to the apartment that Howard had identified and found the co-defendant, as well as the videotape recorder that the pair had just stolen from the victim's apartment.
We cannot say that the trial court created a miscarriage of justice in finding Howard guilty of robbery.[12] Accordingly, we overrule the second assignment of error and affirm the judgment of the trial court.
Doan, P.J., Sundermann and Hendon, JJ.
[2] R.C. 2953.08(G)(2)(b).
[3] R.C. 2929.14(A)(2).
[4] We note that the trial court was not required to impose the shortest prison term upon Howard because he had previously served a prison term. See R.C. 2929.14(B)(1).
[5] See R.C. 2929.11(A); see, also, State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, 793 N.E.2d 473, at ¶ 11.
[6] See R.C. 2929.11(B); see, also, Comer, supra, at 12.
[7] See State v. Heidorn, 1st Dist. No. C-030700, 2004-Ohio-3729; Statev. Ryan, 1st Dist. No. C-020283, 2003-Ohio-1188; see, also, State v.Agner, 3rd Dist. No. 8-02-28, 2003-Ohio-5458.
[8] See Agner, supra, at ¶ 12; State v. Lathan, 6th Dist. No. L-03-1188, 2004-Ohio-7074; State v. Kingrey, 5th Dist. No. 04-CAA-04029, 2004-Ohio-4605, at ¶ 28.
[9] See R.C. 2953.08(G).
[10] See State v. Thompkins (1997), 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541; State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717.
[11] See State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
[12] See Thompkins, supra; Martin, supra.