OPINION
{¶ 1} Plaintiff-appellant, Sidney S. Hamilton ("appellant"), appeals from the Ohio Court of Claims' entry of summary judgment in favor of defendants-appellees, the Ohio Department of Rehabilitation and Correction ("ODRC") and the Ohio Adult Parole Authority ("OAPA") (collectively "appellees"). For the following reasons, we affirm. *Page 2 
 {¶ 2} In August 1993, appellant entered an Alford plea to charges of attempted rape and gross sexual imposition in the Franklin County Court of Common Pleas. The common pleas court convicted appellant and sentenced him to six to 15 years in prison. In February 2004, OAPA released appellant from prison on parole. On December 30, 2004, appellant was arrested, pursuant to R.C. 2967.15(A), for allegedly violating a condition of his parole. At appellant's release violation hearing, held March 17, 2005, the hearing officer found appellant guilty of violating conditions of his parole by refusing to sign necessary paperwork to complete a polygraph test as part of his sex offender treatment and, as a result, being unsuccessfully terminated from his sex offender treatment group. OAPA did not return appellant to prison for his release violations.
 {¶ 3} On November 28, 2005, appellant filed a complaint in the Ohio Court of Claims against defendants Reginald Wilkinson, Gary R. Croft, Dee Ames, Cynthia Hurst, and various John/Jane Does, employees of ODRC and OAPA. On December 6, 2005, as ordered by the Court of Claims, appellant filed an amended complaint, naming only ODRC and OAPA as defendants. Appellant purports to assert nine separate claims for relief in his amended complaint: (1) unlawful custody; (2) false imprisonment; (3) malicious prosecution; (4) abuse of process; (5) negligent and intentional infliction of emotional distress; (6) respondeat superior; (7) negligence against OAPA and ODRC; (8) negligence against individuals; and (9) assault and battery. However, appellant's "factual allegations" primarily challenge proceedings in his underlying criminal case and conviction, alleging, in part: that the Franklin County Municipal Court failed to properly bind him over to the Franklin County Court of Common Pleas; that his plea agreement was invalid; and that his incarceration was unlawful. Appellant further alleges that his *Page 3 
parole agreement was unlawful and that he has been deprived of constitutional rights. Appellees filed an answer to appellant's amended complaint on January 5, 2006, raising several defenses, including failure to state a claim upon which relief could be granted, lack of subject-matter jurisdiction, and immunity.
 {¶ 4} On March 28, 2006, appellees filed a motion for summary judgment. Without specifically addressing the enumerated causes of action in appellant's amended complaint, appellees argued that the Court of Claims lacked subject-matter jurisdiction to hear appellant's claims challenging his conviction, challenging the terms and conditions of his parole, and seeking relief for alleged constitutional violations. Appellees further argued that they were entitled to discretionary immunity, precluding appellant's recovery. Appellant filed a memorandum in opposition to appellees' motion for summary judgment on April 3, 2006, arguing that his plea agreement, conviction, incarceration, and parole supervision were unlawful and that he had been denied due process and equal protection.
 {¶ 5} On August 9, 2006, the Court of Claims granted appellees' motion for summary judgment. In its judgment entry, the court stated: "To the extent that [appellant's] claims for malicious prosecution, abuse of process, false imprisonment, and negligence arise out of the original criminal proceedings, the existence of a valid final judgment of conviction precludes plaintiff from pursuing those claims in this court." The Court of Claims also found that appellees were entitled to summary judgment on claims relating to the terms and conditions of appellant's parole or appellant's arrest in December 2004:
 First, this court does not have jurisdiction to consider [appellant's] claims that the terms of his parole violate civil *Page 4 
rights guaranteed by the United States and Ohio Constitutions. * * * Second, it has been consistently held that the APA's decision to revoke parole is an exercise of an executive function involving a high degree of official judgment or discretion pursuant to legislative authority and, as such, is not actionable under the discretionary immunity doctrine. * * * Additionally, APA employees have statutory authority to arrest and confine a parolee if the parole officer reasonably believes that a parolee has violated the terms of his or her parole agreement. * * *
 Finally, to the extent that [appellant] alleges that he was assaulted by two unidentified employees of [appellees], the complaint contains insufficient operative facts or evidence to support such claim.
Appellant filed a timely appeal.
 {¶ 6} Appellant presently asserts five assignments of error:
 [1] TRIAL COURT ERRED AND [ABUSED] ITS DISCRETION, PREJUDICING APPELLANT, BY FAILING TO DETERMINE IF THE OHIO ADULT AUTHORITY HAS PROPER JURISDICTION OVER APPELLANT BASED ON THE RULES OF "CONTRACT LAW." STEMMING FROM THE MUNICIPAL [COURT'S] FAILURE TO PROPERLY RULE AND BINDOVER APPELLANT; AND THE COMMON PLEAS COURT['S] FAILURE TO PROPERLY ASSUME JURISDICTION OVER APPELLANT; PREVENTING COMMON PLEAS COURT FROM OFFERING ANY PLEA AGREEMENT TO APPELLANT; THUS PREVENTING [ODRC] AND [OAPA] FROM ASSUMING ANY PROPER JURISDICTION OF APPELLANT.
 [2] TRIAL COURT ERRED AND [ABUSED] ITS DISCRETION, PREJUDICING APPELLANT, THROUGH AND BY THE RULING THAT THE APPELLANT REFUSED TO TAKE A [POLYGRAPH] TEST, WHICH IS FALSE AND MISLEADING, AND NOT BASED ON THE FACTS.
 [3] TRIAL COURT ERRED AND [ABUSED] ITS DISCRETION, PREJUDICING APPELLANT, THROUGH AND BY FAILING TO ADHERE TO ITS OWN ORAL HEARING RULING THAT THE COURT WOULD PROVIDE AN IN CAMERA INSPECTION OF ALL [EVIDENCE] WITHHELD FROM APPELLANT BY THE [APPELLEES] *Page 5 
AFTER SEVERAL PROPER DISCOVERY REQUEST[S] WERE MADE, AND AGREED UPON BY ALL PARTIES. APPELLANT WAS STILL DENIED DISCOVERY.
 [4] TRIAL COURT ERRED AND [ABUSED] ITS DISCRETION, PREJUDICING APPELLANT, THROUGH AND BY THE COURT['S] FAILURE [TO] ENSURE THAT ITS OWN RECORD AGAINST THE APPELLANT [WAS] CORRECT AND PROPER, ACCORDING TO THE RULES GOVERNING COURTS IN THE STATE OF OHIO.
 [5] TRIAL COURT ERRED AND [ABUSED] ITS DISCRETION, PREJUDICING APPELLANT, THROUGH AND BY FAILING TO CONSIDER THE "TOTALITY OF CIRCUMSTANCES," AND RULING AGAINST THE MANIFEST WEIGHT OF EVIDENCE.
 {¶ 7} Appellant's first, second, fourth, and fifth assignments of error stem from the Court of Claims' entry of summary judgment in favor of appellees. Appellate review of summary judgment is de novo. Koos v.Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588, citingBrown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. Thus, we apply the same standard as the trial court and conduct an independent review, without deference to the trial court's determination. Maust v. Bank One Columbus, N.A. (1992),83 Ohio App.3d 103, 107; Brown at 711.
 {¶ 8} Pursuant to Civ.R. 56(C), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can come to but one *Page 6 
conclusion, that conclusion being adverse to the non-moving party.Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66.
 {¶ 9} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280,292. Once the moving party meets its initial burden, the non-movant must set forth specific facts demonstrating a genuine issue for trial. Id. at 293. Because summary judgment is a procedural device to terminate litigation, courts should award it cautiously after resolving all doubts in favor of the non-moving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-359.
 {¶ 10} We first address appellant's fifth assignment of error, under which appellant asks us to perform a manifest weight analysis of the Court of Claims' entry of summary judgment. This court reviews a trial court's entry of summary judgment using the standard of review set forth above, not a manifest weight standard. Wyche v. Kessler (May 9, 1989), Franklin App. No. 89AP-51. In fact, a claim that a trial court's entry of summary judgment "could be `against the manifest weight of the evidence' is a legal chimera incompatible with the concept of summary judgment." Cincinnati v. Ohio Council 8, Am. Fedn. of State, Cty. Mun.Emp., AFL-CIO (1994), 93 Ohio App.3d 162, 165. Assignments of error challenging summary judgment as against the manifest weight of the evidence are "non sequiters" because, on summary judgment, courts do not weigh evidence. Tesco Real Estate, Inc. v. K-Y Residential, Commercial Indus. Dev. Corp. (Feb. 17, 1995), Trumbull App. No. 94-T-5093. Thus, courts may summarily *Page 7 
overrule assignments of error praying for reversal of summary judgment based on the manifest weight of the evidence. McGuire v. Mills (Aug. 30, 1999), Ross App. No. 98CA2462. Accordingly, we overrule appellant's fifth assignment of error.
 {¶ 11} We next address together appellant's first and fourth assignments of error, under which appellant alleges error relating to his underlying criminal proceedings, arguing that the common pleas court lacked subject-matter jurisdiction, thus voiding his plea agreement, conviction, and sentence. As a result, appellant asserts that he suffered deprivations of his constitutional rights to due process and equal protection. Under his first assignment of error, appellant contends that the Court of Claims erred by failing to determine whether OAPA had jurisdiction over him. Appellant argues that, because the common pleas court lacked subject-matter jurisdiction over his criminal prosecution, neither ODRC nor OAPA properly obtained jurisdiction over him. Under his fourth assignment of error, appellant argues that he was deprived of due process and equal protection based on the alleged unlawfulness of his plea agreement.
 {¶ 12} In its entry granting appellees' motion for summary judgment, the Court of Claims determined that appellant could not pursue claims arising out of his original criminal proceedings in the Court of Claims. We agree. The Court of Claims Act, R.C. Chapter 2743, created the Court of Claims for the purpose of centralizing the filing and adjudication of claims against the state. Friedman v. Johnson (1985), 18 Ohio St.3d 85,86-87. The Court of Claims has original and exclusive jurisdiction over all civil actions permitted against the state by the Court of Claims Act. Ohio Edison Co. v. Ohio Dept. of Transp. (1993),86 Ohio App.3d 189, 192. The Court of Claims' jurisdiction is limited by R.C.2743.02(A)(1), which provides, in part: *Page 8 
 The state hereby waives its immunity from liability * * * and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties * * *. To the extent that the state has previously consented to be sued, this chapter has no applicability.
 {¶ 13} The Court of Claims has held that a plaintiff who has had the opportunity to raise assignments of error from a criminal conviction in a direct appeal cannot substitute an action in the Court of Claims for a right of appeal in a different court. Hardy v. Belmont Corr. Inst., Ct. of Cl. No. 2004-09631, 2006-Ohio-623, at ¶ 24, citing Swaney v. Bur. ofWorkers' Comp. (Nov. 10, 1998), Franklin App. No. 98AP-299; andMidland Ross Corp. v. Indus. Comm. (1992), 63 Ohio Misc.2d 311. Additionally, this court has stated that "R.C. 2743.02 does not embrace jurisdiction to review criminal proceedings occurring in courts of common pleas." Donaldson v. Court of Claims of Ohio (May 19, 1992), Franklin App. No. 91AP-1218; see, also, Troutman v. Ohio Dept. of Rehab. Corr, Franklin App. No. 03AP-1240, 2005-Ohio-334, at ¶ 10 ("R.C.2743.02 does not confer jurisdiction to the Court of Claims to consider criminal charges that should be adjudicated in courts of common pleas"). As appellant's first and fourth assignments of error seek review of his criminal proceedings, conviction, and/or sentence, they are not properly before us.
 {¶ 14} Additionally, to the extent that appellant's allegations assert claims for relief based on constitutional violations, the Court of Claims lacked subject-matter jurisdiction to consider such claims. This court has consistently held that claims alleging violations of due process and/or equal protection are not actionable in the Court of Claims. Bleicher v. Univ. of Cincinnati College of Med. (1992),78 Ohio App.3d 302, 307; Peters v. Ohio Dept. of Natural Resources, Franklin App. No. 03AP-350, 2003-Ohio-5895. *Page 9 
Because the state has consented to be sued in accordance with the rules applicable to private persons, "a plaintiff in the Court of Claims is limited to causes of action which he could pursue if defendant were a private party." Thompson v. S. State Community College (June 15, 1989), Franklin App. No. 89AP-114. Because due process and equal protection violations require an element of state action, they present no viable cause of action in the Court of Claims. Peters at ¶ 13. InBleicher, this court held that the Court of Claims did not err in determining that it lacked jurisdiction over the plaintiff-appellant's claims that his dismissal from the University of Cincinnati College of Medicine was arbitrary and capricious, violating his rights to due process and equal protection; see, also, Webb v. Grafton Corr.Inst., Franklin App. No. 03AP-1014, 2004-Ohio-3729, at ¶ 31 (holding that the Court of Claims lacked jurisdiction over inmate's claims of constitutional violations by a state correctional facility). Accordingly, any claim by appellant that he has been deprived of his constitutional rights to due process and/or equal protection as a result of his criminal proceedings or appellees' subsequent actions, was outside the subject-matter jurisdiction of the Court of Claims. Therefore, we overrule appellant's first and fourth assignments of error.
 {¶ 15} We now turn to appellant's two remaining assignments of error. By his second assignment of error, appellant contends that the Court of Claims erred by incorrectly ruling that appellant refused to take a polygraph test, leading to his arrest in December 2004. Although appellees respond that the Court of Claims made no such ruling, the Court of Claims' judgment entry states: "Plaintiff was subsequently jailed * * * for refusing to take a polygraph test required by his sex-offender treatment program." *Page 10 
However, we conclude that, even if the Court of Claims' statement constituted error, such error was harmless because it had no impact on the court's decision.
 {¶ 16} It is undisputed that appellant was arrested on December 30, 2004, and held in the Franklin County jail until January 12, 2005. The Adult Parole Authority Notification of Release Violation Hearing, dated January 12, 2005, informed appellant that he was alleged to have violated a condition of his parole (which required him to "follow all rules and regulations of treatment facilities or programs of any type in which [he was] placed or ordered to attend while under the jurisdiction of the Court, and/or [ODRC]") by "refusing to sign the necessary paperwork to complete [his] polygraph." The Adult Parole Authority Notice of Finding of Release Violation Hearing, dated March 17, 2005, states that appellant was found guilty of violating the conditions of his release by refusing to sign necessary paperwork to complete a polygraph test. Appellant argues that he did not refuse to take a polygraph test but that his treatment provider refused to administer the polygraph after he signed required release papers as "under duress" or "per the APA" and refused to complete the papers without such notations.
 {¶ 17} Whether appellant refused to take a polygraph or whether he simply refused to satisfactorily complete required paperwork, and was thus denied the polygraph, had no effect on the Court of Claims' decision to grant summary judgment. Rather, the court determined that appellant's claims were not properly before the Court of Claims and/or that appellees were entitled to immunity. Moreover, when reviewing an entry of summary judgment, this court conducts an independent review of the record, without deference to the trial court's decision. Thus, given our de novo standard of *Page 11 
review, an error in the Court of Claims' statement of the facts is harmless error. See Potts v. Catholic Diocese of Youngstown,159 Ohio App.3d 315, 2004-Ohio-6816, at ¶ 11. Accordingly, we overrule appellant's second assignment of error.
 {¶ 18} By his third assignment of error, appellant contends that the Court of Claims erred by failing to conduct an in camera inspection of documents after orally agreeing to do so. On May 31, 2006, appellant filed a motion to compel discovery, in which he requested that the Court of Claims conduct an in camera inspection of documents contained in his ODRC and OAPA files that appellees refused to produce in response to appellant's discovery requests. Appellant argued that such documents would demonstrate appellees' knowledge of appellant's arguments concerning the validity of his plea, conviction, sentence, incarceration, and parole. Appellees opposed appellant's motion to compel, claiming that they had produced all responsive, non-confidential records. Contrary to appellant's assertion, the record does not indicate that the Court of Claims agreed to conduct an in camera inspection. The Court of Claims did not rule on appellant's motion to compel before granting appellees' motion for summary judgment.
 {¶ 19} When a trial court fails to rule on a pre-trial motion, it may ordinarily be presumed that the court overruled it. State ex rel.Cassels v. Dayton City School Dist. Bd. of Edn. (1994),69 Ohio St.3d 217, 223; Newman v. Al Castrucci Ford Sales, Inc. (1988),54 Ohio App.3d 166. Absent an abuse of discretion, an appellate court will not disturb a lower court's disposition of discovery issues. State ex rel. The VCos. v. Marshall (1998), 81 Ohio St.3d 467, 469. "The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is *Page 12 
unreasonable, arbitrary or unconscionable.'" Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, quoting State v. Adams (1980),62 Ohio St.2d 151, 157.
 {¶ 20} In response to appellees' motion for summary judgment, appellant did not move the Court of Claims for a continuance to permit additional discovery, pursuant to Civ.R. 56(F), nor did appellant assert that he could not present, by affidavits, facts essential to justify his opposition to appellees' motion. In fact, appellant did not file his motion to compel until nearly two months after filing his memorandum in opposition to appellees' motion for summary judgment. Upon review, we conclude that neither the Court of Claims' failure to rule on appellant's motion to compel discovery nor the court's failure to conduct an in camera inspection constituted an abuse of discretion. Accordingly, we overrule appellant's third assignment of error.
 {¶ 21} Having overruled each of appellant's assignments of error, we affirm the judgment of the Ohio Court of Claims.
Judgment affirmed.
 SADLER, P.J., and BROWN, J., concur. *Page 1