[Cite as *First Bank of Ohio v. Vidal*, 2025-Ohio-2876.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| First Bank of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 24AP-676 |
| v. | : | (C.P.C. No. 23CV-8752) |
| Mark A. Vidal, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 14, 2025

**On brief:** *Law Office of Jeffrey B. Sams, LLC*, and *Elizabeth I. Sams*, for appellee. **Argued:** *Elizabeth I. Sams*.

**On brief:** *Mark A. Vidal*, pro se. **Argued:** *Mark A. Vidal*.

APPEAL from the Franklin County Court of Common Pleas

PER CURIAM.

{¶ 1}  Defendant-appellant Mark A. Vidal challenges the judgment of the Franklin County Court of Common Pleas granting the motion for summary judgment filed by plaintiff-appellee First Bank of Ohio ("First Bank").

## I. Facts and Procedural History

{¶ 2}  On December 5, 2023, First Bank filed a complaint in the trial court that alleged five counts: (1) account, (2) breach of contract, (3) unjust enrichment, (4) quantum meruit/quantum valebant, and (5) replevin. The complaint claims that on January 26, 2021, appellant executed and delivered to First Bank a consumer promissory note and security agreement (hereinafter referred to as "note" or "promissory note") in which appellant granted First Bank a security interest in his 2016 Hyundai Sonata in exchange for

a loan of $15,634.60. First Bank in its complaint maintained it fully complied with the note but appellant defaulted by missing a payment due April 12, 2023 and all payments thereafter. First Bank then exercised its option to declare the balance immediately due and payable, and the complaint claimed appellant owes $6,084.76 plus an interest rate of 14.69 percent per year from September 27, 2023. First Bank thereby seeks a judgment to recoup its $6,084.76 plus interest and possession of the collateral vehicle.

{¶ 3} On December 28, 2023, appellant filed an answer denying all allegations contained in the complaint and a counterclaim seeking reimbursement for litigation costs and damages for claims of loss of wages and emotional distress. Appellant admitted in his December 28, 2023 answer that he used the money loaned by First Bank to buy a car, but when the car was later stolen, appellant decided to stop making payments. On January 8, 2024, First Bank filed an answer to appellant's counterclaim, denying all allegations. Appellant filed numerous motions styled as writs, challenging the trial court's jurisdiction and purporting to command the court to produce documents or justify its authority. On January 19, 2024, First Bank filed a memorandum in opposition to appellant's many motions, calling for the court to deny them as frivolous and without merit. On February 6, 2024, First Bank filed a motion for summary judgment in favor of its claims and against appellant's counterclaims. On April 10, 2024, appellant filed a motion, styled as "Writ #23," opposing First Bank's motion for summary judgment. On April 26, 2024, the court entered a judgment entry denying appellant's motions as frivolous for having no basis in fact or law, warning appellant to cease filing frivolous motions. In the same April 26, 2024 entry, the court withheld a ruling on the summary judgment motion.

{¶ 4} On October 17, 2024, the trial court granted the summary judgment motion in First Bank's favor, ordering appellant to pay $6,084.76 plus a yearly interest rate of 14.69 percent from September 27, 2023. Appellant timely appealed.

## II. Assignments of Error

{¶ 5} Appellant's brief appears to raise 19 assignments of error for our review. Upon closer inspection, however, many of the purported errors listed in appellant's brief overlap with one another. Although appellant failed to comply with multiple requirements found in App.R. 16(A), we nevertheless endeavor to consolidate and interpret the

assignments of error "in the interests of justice." *Corbin v. Dailey*, 2009-Ohio-881, ¶ 8 (10th Dist.).

> [I.] In assignments of error 3, 5, 8, 9, 11, 13, 15, and 16, we construe appellant's brief as contending the trial court lacked subject-matter and in personam jurisdiction. For clarity's sake, we shall refer to this group of assignments of error as appellant's first joint assignment of error.
>
> [II.] In assignments of error 2, 4, 7, 12, 18, and 19, it appears appellant argues the trial court erred in its evidentiary orders. We refer to this group of assignments of error as appellant's second joint assignment of error.
>
> [III.] In assignments of error 1 and 10, appellant maintains the trial court erred in granting summary judgment in favor of First Bank and thereby erred in precluding the case from proceeding to a jury trial. We refer to this group of assignments of error as appellant's third joint assignment of error.
>
> [IV.] In assignments of error 6, 14, and 17, appellant seemingly posits the trial court's decision granting First Bank's motion for summary judgment is against the manifest weight of the evidence. We refer to this group of assignments of error as appellant's fourth joint assignment of error.

## III. Discussion

{¶ 6} In the first joint assignment of error, appellant argues at various points throughout his brief that the trial court lacked jurisdiction. Unfortunately, appellant failed to "identify in the record the error on which the assignment of error is based." App.R. 12(A)(2). We are thus permitted to "disregard" this assignment of error as appellant omitted any reference to the record to guide our review. App.R. 12(A)(2); *see Columbus v. ACM Vision, V, L.L.C.*, 2021-Ohio-925, ¶ 12 (10th Dist.). Even if we were to consider appellant's jurisdictional claims, we would reject them for lacking any legal merit. Appellant put forth a bevy of "sovereign citizen" jurisdictional challenges, but such "arguments have been soundly rejected by every court that has been given the opportunity to do so." *State v. Miller*, 2018-Ohio-4258, ¶ 27 (12th Dist.). "In addition to the appellate courts of this state, the federal courts have also rejected the same or substantially similar 'sovereign citizen' arguments" that appellant raised in his brief. *Id.* at ¶ 29. Accordingly,

we overrule appellant's first joint assignment of error, which consists of assignments of error 3, 5, 8, 9, 11, 13, 15, and 16.

{¶ 7}    In the second joint assignment of error, appellant broadly alleges the trial court erred in determining the admissibility of evidence. "We review rulings regarding the admission or exclusion of evidence under an abuse of discretion standard." *In re Guardianship of Clark*, 2009-Ohio-3486, ¶ 19 (10th Dist.), citing *Barnett v. Sexten*, 2006-Ohio-2271, ¶ 5 (10th Dist.). As with the first joint assignment of error, appellant here failed to cite where in the record these alleged errors could be found, and we thereby may disregard appellant's second joint assignment of error in its entirety. *See* App.R. 12(A)(2); *State v. Sheets*, 2025-Ohio-355, ¶ 5 (10th Dist.) ("Appellants bear the burden of demonstrating error on appeal by reference to the record of the proceedings below and must designate specific rulings by the trial court challenged on appeal."). In addition to the lack of citations to the record, appellant's allegations were devoid of any supporting case law. Thus, with neither record evidence nor legal support for appellant's claims, we are unable to conclude the court abused its discretion. Accordingly, we overrule appellant's second joint assignment of error, which consists of assignments of error 2, 4, 7, 12, 18, and 19.

{¶ 8}    In the third joint assignment of error, appellant asserts the trial court erred in granting First Bank's motion for summary judgment. "We review a summary judgment de novo." *White v. Westfall*, 2009-Ohio-4490, ¶ 6 (10th Dist.), citing *Koos v. Cent. Ohio Cellular, Inc.*, 94 Ohio App.3d 579, 588 (8th Dist. 1994). An appellate court, without deference to the trial court's determination, applies the same standard as the trial court in reviewing a disposition of a summary judgment motion. *Id.* A court shall render summary judgment if all the admissible evidence shows "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C). A court may grant summary judgment only if (1) there is no longer a genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) "viewing the evidence most strongly in favor of the non-moving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the non-moving party." *White* at ¶ 7, citing *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978). "Because summary judgment is a procedural device to terminate litigation, courts should award it cautiously

after resolving all doubts in favor of the non-moving party." *Id.* at ¶ 8, citing *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-59 (1992).

{¶ 9}   Here, all of the available evidence shows appellant ceased payment due on a promissory note to First Bank after his car was stolen. Appellant even conceded that point in a filing before the trial court. For that reason, this case no longer involves a genuine issue of material fact. Seeing as the parties do not dispute the relevant facts of this case, and seeing as those facts could lead to no conclusion other than appellant owes First Bank payment on the promissory note, we find the court did not err in granting First Bank's motion for summary judgment. Accordingly, we overrule appellant's third joint assignment of error, thereby disposing of assignments of error 1 and 10.

{¶ 10}   In the fourth joint assignment of error, appellant indirectly argues the trial court's entry of summary judgment was against the manifest weight of the evidence. This court reviews an entry of summary judgment under the Civ.R. 56 standard, not under a manifest weight standard of review. *White* at ¶ 9, citing *Hamilton v. Ohio Dept. of Rehab. & Corr.*, 2007-Ohio-1173, ¶ 10 (10th Dist.). "A challenge to summary judgment as against the manifest weight of the evidence is a non sequitur because, on summary judgment, a court may not weigh the evidence." *Id.*, citing *Hamilton*. Appellate courts may summarily overrule assignments of error seeking reversal of summary judgment based on the manifest weight of the evidence. *Id.*, citing *Hamilton*. Accordingly, we overrule appellant's fourth joint assignment of error, which includes assignments of error 6, 14, and 17.

## IV. Conclusion

{¶ 11}   Having overruled all 4 joint assignments of error that consist of appellant's 19 listed assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN, BOGGS, and LELAND, JJ., concur.

_____