[Cite as *Mitchell Family Trust Fund v. Cole*, 2026-Ohio-744.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MITCHELL FAMILY TRUST FUND,
ET AL.,                                        :

      Plaintiffs-Appellants,         :

      v.                             :

BRIAN COLE, ET AL.,                            :

      Defendants-Appellees.          :

No. 115426

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 5, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-961536

---

### *Appearances:*

Gino P. Zavarella, Jr., *for appellants.*

Lewis Brisbois Bisgaard & Smith LLP, and Daniel A. Leister, *for appellees.*

DEENA R. CALABRESE, J.:

{¶ 1} Plaintiffs-appellants Mitchell Family Trust Fund ("Mitchell Trust") and Spring Break, LLC ("Spring Break") appeal the trial court's orders granting defendants-appellees Turoczy Bonding Company's ("Turoczy") and Brian Cole's ("Cole") motions for summary judgment and the trial court's oversight of discovery

disputes. The trial court's orders are affirmed because Mitchell Trust and Spring Break demand a manifest-weight-of-the-evidence review on the orders granting summary judgment and because they did not properly raise the discovery disputes before the trial court.

## I. Relevant Facts and Procedural History

{¶ 2} This case centers around the alleged trademark infringement of bail-bond company names, and specifically the name and logo for "City Bonding," in Ohio and Michigan. On April 4, 2022, Mitchell Trust and Spring Break filed their original complaint. On July 17, 2022, Mitchell Trust and Spring Break filed an amended complaint alleging state and federal claims for trademark infringement, unfair competition, and copyright infringement against Cole, Turoczy, and Demcas LLC. The parties proceeded to engage in protracted litigation, including the filing of cross-claims, counterclaims, a third-party complaint, discovery, and extensive motion practice. On July 14, 2023, the trial court granted Demcas LLC's motion for summary judgment. On September 5, 2023, the trial court held a status conference to schedule case-management dates and set the discovery cutoff date for December 29, 2023. On June 26, 2024, the trial court issued an amended case-management schedule and set the discovery cutoff date for September 9, 2024.

{¶ 3} Relevant to this appeal are Mitchell Trust and Spring Break's two discovery disputes with Turoczy and Cole. The first discovery dispute involved a purchase agreement. Cole alleged that he purchased intellectual property rights, including the name and logo for "City Bonding" in 2015 from Eddie Lee Legacy, Inc.

Cole produced a document in discovery related to the assignment of the intellectual property purchased in 2015 but did not produce the purchase agreement. On July 9, 2025, the trial court held a pretrial where they indicated that the parties could not rely on any documents in trial that were not produced to opposing parties in discovery. Turoczy and Cole responded that they did not intend to produce the purchase agreement in discovery but also did not intend to use the document at trial. The second discovery dispute involved Mitchell Trust and Spring Break's attempts to depose Turoczy's and Cole's Civ.R. 30 (B)(5) designee, Pennie Johnson ("Johnson").

{¶ 4} On April 11, 2025, Turoczy and Cole each filed motions for summary judgment against Mitchell Trust and Spring Break. Both motions essentially asserted that Mitchell Trust and Spring Break had no intellectual property rights to the name "City Bonding." On July 12, 2025, the trial court granted Cole's motion for summary judgment, and, on July 15, 2025, the trial court granted Turoczy's motion for summary judgment. This appeal stems, in part, from these orders.[1]

{¶ 5} Mitchell Trust and Spring Break raise three assignments of error for our review:

> 1. The trial court abused its discretion and committed reversible error by failing to enforce its own discovery order, thereby depriving appellants of due process.

---

[1] *Mitchell Family Trust Fund v. Cole*, 8th Dist. Cuyahoga No. 115340 is a companion case to this appeal.

2. The trial court abused its discretion by permitting appellees to obstruct critical discovery, then penalizing appellants for the resulting delay.

3. The trial court's judgment is against the manifest weight of the evidence as it rests on a factually and legally impossible chain of title.

## II. Law and Analysis

{¶ 6} As a preliminary matter, we note that Mitchell Trust and Spring Break's brief with this court includes attached exhibits. Pursuant to App.R. 9, the record on appeal consists of the following:

> The original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases.

Further, "[t]his court cannot consider matters dehors the record." *Lisboa v. Lisboa*, 2011-Ohio-351, ¶ 10 (8th Dist.), citing *State v. Ishmail*, 54 Ohio St.2d 402, 377 (1978). Therefore, we will consider the record prepared by the clerk of the trial court and will not consider the attachments to Mitchell Trust and Spring Break's brief with this court.

### A. Discovery Order

{¶ 7} We address Mitchell Trust and Spring Break's first and second assignments of error together for ease of analysis because both involve discovery disputes. In the first assignment of error, Mitchell Trust and Spring Break assert that the trial court erred and abused its discretion when it did not enforce discovery of its own discovery order. Mitchell Trust and Spring Break specifically sought production of a purchase agreement from Turoczy and Cole. In the second

assignment of error, Mitchell Trust and Spring Break assert that the trial court abused its discretion when it did not order the deposition of Johnson, Turoczy's and Cole's Civ.R. 30 (B)(5) designee.

{¶ 8} On appeal, discovery matters are reviewed for an abuse of discretion. *12312 Mayfield Rd., LLC v. High & Low Little Italy, LLC*, 2024-Ohio-2717, ¶ 11 (8th Dist.), citing *Wall v. Ohio Permanente Med. Group Inc.*, 119 Ohio App.3d 654, 661 (8th Dist. 1997), citing *Henneman v. Toledo*, 35 Ohio St.3d 241, 243-246 (1988). Civ.R. 26 governs the general scope of discovery, and states, in part, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Civ.R. 26(B)(1).

{¶ 9} Civ.R. 34 governs the production of documents. The rule states that "any party may serve on any other party a request to produce and permit the party making the request, or someone acting on the requesting party's behalf . . . to inspect and copy any designated documents . . . ." Civ.R. 34(A). The rule also sets out the procedure for making a discovery request and sets a 28-day time limit for responses to requests for discovery. Civ.R. 34(B) and (B)(1).

{¶ 10} Civ.R. 30 governs depositions and states, in part, that "[a]fter commencement of the action, any party may take the testimony of any person, including a party, by deposition upon oral examination." Civ.R. 30(A). The rule also outlines the procedure for the deposition of a corporate designee as follows:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a limited liability entity, a governmental agency, or other entity and shall describe with

reasonable particularity the matters for examination. The named organization shall designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.

Civ.R. 30(B)(5).

{¶ 11} A party can ask the court to compel responses to discovery requests or to order a deponent to appear for a deposition when a responding party does not comply with a request for discovery. Civ.R. 37 governs motions to compel discovery responses, and states, in relevant part, as follows:

**(A) Motion for an order compelling discovery.**

(1) **In general.** On notice to other parties and all affected persons, a party may move for an order compelling discovery. The motion shall include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make discovery in an effort to obtain it without court action.

(2) **Appropriate court.** A motion for an order to a party or a deponent shall be made to the court where the action is pending.

(Emphasis in original.) Civ.R. 37.

{¶ 12} In this case, Mitchell Trust and Spring Break contend that the trial court ordered Turoczy and Cole to produce the purchase agreement and to collaborate regarding the deposition of Johnson, then did not enforce its own order. This assertion is not supported by the record. First, Mitchell Trust and Spring Break assert that the trial court's February 10, 2025 entry ordered Turoczy and Cole to produce "the purchase agreement for the assets they claimed to own." (Appellants' brief at pg. 6). It does not. Instead, the trial court's February 10, 2025 order gives the parties guidance regarding the upcoming settlement conference and trial,

including instructions regarding trial briefs, trial exhibits, jury instructions, and motions in limine. The order does not address discovery.

{¶ 13} On April 30, 2025, Mitchell Trust and Spring Break filed a motion to compel and to show cause. The trial court never expressly overruled the April 30, 2025 motion, however, "motions that a trial court fails to explicitly rule upon are deemed denied once a court enters final judgment." *Hopkins v. Greater Cleveland Regional Transit Auth.*, 2024-Ohio-2265, ¶ 40 (8th Dist.), citing *State v. Nikolic*, 2020-Ohio-3718, ¶ 5 (8th Dist.).

{¶ 14} In the April 30, 2025 motion, Mitchell Trust and Spring Break ask the trial court to compel the production of "numerous documents" in compliance with the trial court's February 6, 2025 order. However, the trial court issued 13 entries on February 6, 2025, and none of the entries include orders for Turoczy or Cole to produce documents. Mitchell Trust and Spring Break's motion to compel the production of documents is a nullity because it relies on a nonexistent court order.

{¶ 15} The April 30, 2025 motion is also captioned as a motion to show cause. A motion to show cause is a means to escalate the enforcement of a discovery order. It is a request asking a party to explain to the court why they have not followed a court order and seeking sanctions against the opposing party for noncompliance. However, it requires that there is a court order in place. *See* Civ.R. 37(B). In this case, there was no court order for the parties to follow or for the trial court to enforce.

{¶ 16} Lastly, Mitchell Trust and Spring Break's April 30, 2025 motion to compel and motion to show cause does not properly invoke Civ.R. 56(F). Mitchell

Trust and Spring Break contend that the trial court erred when it did not grant them additional time pursuant to Civ.R. 56(F) to conduct discovery prior to responding to the pending motions for summary judgment.  However, the April 30, 2025 motion does not mention or properly invoke Civ.R. 56(F).  Civ.R. 56(F) provides:

> Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

To properly invoke Civ.R. 56(F), a party is required to file a motion for a continuance and an affidavit pursuant to the subsection explaining its need for additional discovery to obtain facts necessary to oppose the opposing party's summary-judgment motion.  *See Gurary v. John Carroll Univ.*, 2024-Ohio-3114, ¶ 28 (8th Dist.).  In this case, Mitchell Trust and Spring Break did not file a motion for a continuance or an affidavit explaining its need for the purchase agreement or the deposition of Johnson to oppose the motion for summary judgment.  In fact, the motion refers generally to a need for documents and does not mention the purchase agreement.  Because Mitchell Trust and Spring Break's April 30, 2025 motion did not comply with either of the requirements, it did not invoke Civ.R. 56(F).

{¶ 17} Next, Mitchell Trust and Spring Break contend that the trial court ordered production of the purchase agreement and collaboration for the deposition of Johnson during a July 9, 2025 pretrial conference.  A review of the pretrial conference transcript reveals that third-party defendant Donnell Mitchell discusses with the trial court his efforts to procure the purchase agreement during discovery

and to depose Johnson. However, Mitchell Trust and Spring Break did not request a court order compelling discovery, and the trial court did not issue any orders regarding the discovery sought. The trial court did note that a deposition of Johnson was never properly noticed. In addition, the trial court's July 12, 2025 entry journalizing the pretrial conference does not include any orders related to the production of the purchase agreement or the deposition of Johnson.

{¶ 18} The trial court did not err or abuse its discretion when it did not order Turoczy and Cole to produce the purchase agreement or for Johnson to appear for a deposition for the simple reason that Mitchell Trust and Spring Break never properly filed the requisite motions requesting these orders. Mitchell Trust and Spring Break concede they did not file a motion to compel production of the purchase agreement with the trial court. The record reveals that Mitchell Trust and Spring Break did not file a notice of deposition pursuant to Civ.R. 30(B)(5) to depose Johnson. This means that they did not file the appropriate motions seeking court orders to enforce their discovery requests. In addition, and contrary to Mitchell Trust and Spring Break's assertion, the Ohio Rules of Civil Procedure do not task the trial court with enforcing compliance with discovery requests sua sponte.

{¶ 19} Because Mitchell Trust and Spring Break did not raise these issues with the trial court, the first and second assignments of error present new arguments that were not raised in the case below. "'[A] party cannot present new arguments for the first time on appeal that were not raised below. . . .'" *Johnson v. State Farm*

*Mut. Auto. Ins. Co.*, 2024-Ohio-3187, ¶ 24 (8th Dist.), quoting *State v. Moore*, 2020-Ohio-3459, ¶ 58 (8th Dist.).

{¶ 20} For the reasons stated above, we find that Mitchell Trust and Spring Break's first and second assignments of error are without merit, and are therefore overruled.

## B. Summary Judgment

{¶ 21} In the third assignment of error, Mitchell Trust and Spring Break assert that the trial court's judgment is against the manifest weight of the evidence because it rests on a factually and legally impossible chain of title.

{¶ 22} Ohio appellate courts "review summary judgment rulings de novo, applying the same standard as the trial court." *Montgomery v. ExchangeBase, LLC*, 2024-Ohio-2585, ¶ 47 (8th Dist.), citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Here, Mitchell Trust and Spring Break demand a manifest-weight-of-the-evidence review.

> This court reviews an entry of summary judgment, not under a manifest weight standard of review, but pursuant to the Civ.R. 56 standard set forth above. *Hamilton v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 06AP-916, 2007-Ohio-1173, ¶ 10. A challenge to summary judgment as against the manifest weight of the evidence is a non sequitur because, on summary judgment, a court may not weigh the evidence. *Id., citing Tesco Real Estate, Inc. v. K-Y Residential, Commercial & Indus. Dev. Corp.* (Feb. 17, 1995), 11th Dist. No. 94-T-5093, 1995 Ohio App. LEXIS 584. Thus, *an appellate court may summarily overrule assignments of error seeking reversal of summary judgment based on the manifest weight of the evidence. Hamilton* at ¶ 10; *Urbanek v. All State Home Mtge. Co.*, 178 Ohio App.3d 493, 2008-Ohio-4871, ¶ 38, 898 N.E.2d 1015. Accordingly, we overrule appellant's first assignment of error.

(Emphasis added.) *White v. Westfall*, 2009-Ohio-4490, ¶ 9 (10th Dist.). *See also Lopez v. Dave's Supermarket*, 2003-Ohio-1350, ¶ 8 (8th Dist.) ("Because we do not review the summary judgments under a 'manifest weight' standard, [appellant]'s second assignment of error is overruled.").

{¶ 23} Because Mitchell Trust and Spring Break demand a manifest-weight-of-the-evidence standard, the third assignment of error is overruled.

{¶ 24} For the reasons stated above, the trial court's order granting Turoczy's and Cole's motions for summary judgment against Mitchell Trust and Spring Break, as well as the trial court's oversight of discovery matters, is affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
DEENA R. CALABRESE, JUDGE

SEAN C. GALLAGHER, P.J., and
EILEEN A. GALLAGHER, J., CONCUR