OPINION
{¶ 1} Appellant Dennis Sapp appeals the trial court's decision entered on September 14, 2006, classifying him as a sexual predator.
 {¶ 2} Appellee is the State of Ohio.
 {¶ 3} This case comes to us on the accelerated calendar. Appellate Rule 11.1, which governs accelerated calendar cases, provides, in pertinent part as follows:
 {¶ 4} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11. 1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 5} This appeal shall be considered in accordance with the aforementioned rule.
 STATEMENT OF THE FACTS AND CASE {¶ 6} Appellant Dennis Sapp was convicted of murder, in violation of R.C. § 2903.02 in 1984 in Morgan County Common Pleas Court Case No. CR-84-30.
 {¶ 7} In 2003, the Department of Rehabilitation and Corrections for the State of Ohio requested a sexual predator hearing to determine appellant's status pursuant to the Sex Offender Registration Act, R.C. Chapter 2950.
 {¶ 8} On August 22, 2003, a classification hearing was held before the Morgan County Court of Common Pleas.
 {¶ 9} By judgment entry filed January 19, 2005, the trial court classified appellant as a "sexual predator."
 {¶ 10} Appellant filed an appeal to this Court which affirmed in part and reversed in part, finding that the trial court did not make any findings of fact or conclusions of law, by clear and convincing evidence, within its journal entry, stating which statutory criteria it considered. This Court further found that there was no evidence presented nor a determination made that Appellant was likely to commit future sexually oriented crimes. The State did not provide the evidence that would have been needed to establish its case, and thus, the trial court's adjudication was based on insufficient evidence. This Court remanded the case back to the trial court to issue findings and appropriate entries, based on the existing record, with respect to Appellant's classification as a sexual predator.
 {¶ 11} On September 14, 2006, the trial court issued a new Judgment Entry classifying Appellant as a sexual predator and setting forth its findings therein.
 {¶ 12} Appellant now appeals such decision. The sole assignment of error is as follows:
 ASSIGNMENT OF ERROR {¶ 13} "I. THE TRIAL COURT VIOLATED THIS COURT'S ORDER AND THE DEFENDANT'S RIGHTS WHEN IT AGAIN FOUND THAT HE WAS A SEXUAL PREDATOR (R.C. 2950) ON REMAND FROM THIS COURT OF APPEALS."
 I. {¶ 14} In his sole assignment of error, Appellant assigns error to the trial court's journal entry classifying him as a "sexual predator".
 {¶ 15} As we stated in our previous opinion in this case:
 {¶ 16} In State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291, the Supreme Court of Ohio determined R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained in C.E. Morris Co. v. FoleyConstruction (1978), 54 Ohio St.2d 279. We find this to be the applicable standard as the Cook court addressed a similar challenge under a manifest weight standard of review. See, Cook at 426.
 {¶ 17} R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination:
 {¶ 18} "(2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 19} "(a) The offender's age;
 {¶ 20} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 21} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 22} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 23} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 24} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 25} "(g) Any mental illness or mental disability of the offender;
 {¶ 26} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 27} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 28} "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
 {¶ 29} In State v.Eppinger (2001), 91 Ohio St.3d 158, 1632001-Ohio-247, 743 N.E.2d 881, 886supra, the Ohio Supreme court set forth the requirements for conducting a sexual predator hearing. Of relevance to the case at bar, the Court noted "[f]inally, the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism. See State v. Thompson, supra. See, also,State v. Russell (Apr. 8, 1999), Cuyahoga App. No. 73237, unreported,1999 WL 195657; State v. Casper (June 10, 1999), Cuyahoga App. Nos. 73061, 73064, 73062 and 73063, unreported, 1999 WL 380437". Id. at 166,743 N.E.2d at 889.
 {¶ 30} In the case at bar, the State presented evidence at the classification hearing as to the criminal history record of Appellant indicating that Appellant had three misdemeanor convictions, felony convictions for escape and auto theft as well as a commitment to the Department of Juvenile Services as juvenile; the S.B. 180 packet from the Ohio Department of Corrections and Rehabilitation, Appellant's written confession and the BCI Investigative report. The Ohio Department of Corrections and Rehabilitation made no recommendation of a classification.
 {¶ 31} The State also presented evidence that at the time of the offense, Appellant was under the influence of alcohol, and the brutality of the offense. Additionally, the State asked that the trial court consider the disparity in the ages of the Appellant the victim, with the victim being 39 years old at the time of the offense and the Appellant being 21.
 {¶ 32} As stated above, at the conclusion of the classification hearing, the trial court requested that the parties brief the issue as to whether the motive for the murder in the instant case met the statutory criteria for a sexually oriented offense. Each of the parties filed a one-page post hearing memorandum.
 {¶ 33} The trial court's September 14, 2006, Journal Entry classifying Appellant as a sexual predator does include findings of fact or conclusions of law, by clear and convincing evidence, within its journal entry, stating which statutory criteria it considered. However, such Entry does not state it found that Appellant was likely to commit future sexually oriented crimes.
 {¶ 34} Based on the foregoing, we therefore find that the trial court erred in adjudicating Appellant as a sexual predator.
 {¶ 35} Assignment of Error I is sustained.
 {¶ 36} The decision of the trial court is reversed and this case is remanded to the trial court to issue its findings with regard to Appellant's likelihood to re-offend.
By Boggins, J. Gwin, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Morgan County, Ohio is reversed and remanded to the trial court for proceedings consistent with this opinion and the law. Costs to Appellee.