OPINION *Page 2 
{¶ 1} In 1985, appellant, Dennis Sapp, was convicted of murder in violation of R.C. 2903.02, and was sentenced to fifteen years to life. In 2003, the Department of Rehabilitation and Corrections requested a sexual predator hearing to determine appellant's status pursuant to the Sex Offender Registration Act, R.C. Chapter 2950. A classification hearing was held on August 22, 2003. By judgment entry filed January 19, 2005, the trial court classified appellant as a sexual predator.
 {¶ 2} Appellant filed an appeal. This court affirmed in part and reversed in part the trial court's decision, finding the trial court did not make any findings of fact or conclusions of law, by clear and convincing evidence, stating which statutory criteria it considered. This court further found there was no evidence presented nor a determination made that appellant was likely to commit future sexually oriented crimes. This court remanded the case to the trial court to issue findings and appropriate entries, based on the existing record, with respect to appellant's classification as a sexual predator. See,State v. Sapp, Morgan App. No. 05-CA-5, 2006-Ohio-1296 (hereinafter"Sapp I").
 {¶ 3} Upon remand, the trial court issued a new judgment entry on September 14, 2006, again classifying appellant as a sexual predator.
 {¶ 4} Appellant filed an appeal. This court reversed the trial court's decision, finding the trial court did not make any findings as to whether appellant was likely to commit future sexually oriented crimes. This court remanded the case to the trial court to issue findings with regard to appellant's likelihood to re-offend. See, State v. Sapp, Morgan App. No. 06-CA-11, 2006-Ohio-6727 (hereinafter "Sapp II"). *Page 3 
 {¶ 5} The trial court held a hearing on July 5, 2007. By judgment entry filed September 24, 2007, the trial court determined appellant was likely to commit future sexually oriented crimes and classified appellant as a sexual predator.
 {¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 7} "THE TRIAL COURT ERRED IN FAILING TO FOLLOW THIS COURT OF APPEALS' TWO ORDERS/OPINIONS AND AGAIN `FOUND' AND DECLARED THE DEFENDANT A SEXUAL PREDATOR IN ITS SEPTEMBER 24, 2007 (PROSECUTOR PREPARED) ENTRY."
 II {¶ 8} "THE TRIAL COURT ERRED IN HAVING THE PROSECUTOR, AN ADVOCATE TO THESE PROCEEDINGS, PREPARE THE COURT'S ENTRIES, AND SIGNING AND PRESENTING THOSE FINDINGS AS THEIR OWN."
 III {¶ 9} "THE TRIAL COURT ERRED IN FINDING, THE RECORD DOES NOT CONTAIN SUFFICIENT EVIDENCE, AND THERE IS INSUFFICIENT EVIDNECE TO SUPPORT THAT THE APPELLANT IS A SEXUAL PREDATOR AS DEFINED IN R.C. 2950."
 IV {¶ 10} "THE DEFENDANT-APPELLANT, AS BOTH, HAS BEEN DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL IN THE TRIAL COURT AND ON APPEAL." *Page 4 
 V {¶ 11} "DEFENSE COUNSELS FAILURE TO PREVIOUSLY RAISE, AND THE TRIAL COURT'S FAILURE TO ADDRESS SEVERAL LEGAL GROUNDS THAT WARRANT DISMISSAL OF THIS MATTER WITH PREJUDICE, SHOULD NOW BE HEARD, AND THE MATTER DISMISSED, RETROACTIVELY, TO APRIL OR AUGUST 2003."
 I {¶ 12} Appellant claims his constitutional rights have been violated because the trial court failed to follow this court's two previous orders. We disagree.
 {¶ 13} In this court's first remand, we found the following:
 {¶ 14} "Upon review, we find that the trial court did not make any findings of fact or conclusions of law, by clear and convincing evidence, within its journal entry, stating which statutory criteria it considered. Furthermore, there was no evidence presented nor a determination made that Appellant was likely to commit future sexually oriented crimes. The State did not provide the evidence that would have been needed to establish its case, and thus, the trial court's adjudication was based on insufficient evidence." Sapp I, at ¶ 38.
 {¶ 15} This court remanded the matter and ordered the trial court to "issue its findings and appropriate entries, based on the existing record, with respect to Appellant's classification as a sexual predator according to law and consistent with this Opinion." Id. at ¶ 41. *Page 5 
 {¶ 16} Upon remand, the trial court issued a judgment entry on September 14, 2006, again classifying appellant as a sexual predator. Appellant appealed and again, this court remanded the matter to the trial court, finding the following:
 {¶ 17} "The trial court's September 14, 2006, Journal Entry classifying Appellant as a sexual predator does include findings of fact or conclusions of law, by clear and convincing evidence, within its journal entry, stating which statutory criteria it considered. However, such Entry does not state it found that Appellant was likely to commit future sexually oriented crimes." Sapp II, at ¶ 33.
 {¶ 18} This court again remanded the matter and ordered the trial court to "issue its findings with regard to Appellant's likelihood to re-offend." Id. at ¶ 36.
 {¶ 19} In Sapp II, we found the trial court followed this court's order to "include findings of fact or conclusions of law, by clear and convincing evidence, within its journal entry, stating which statutory criteria it considered." Clearly the trial court followed this court's directive in Sapp I.
 {¶ 20} Upon remand, the trial court issued a second judgment entry on September 24, 20076, again classifying appellant as a sexual predator, and finding the following on the issue of appellant's likelihood to re-offend:
 {¶ 21} "The court relies heavily on the testing conducted by Dr. Harding in it's consideration of the likelihood of recidivism. The defendant was tested for the likelihood of recidivism with five different scientifically based tests. The results of each disclosed a considerable variation. Dr. Harding explained his findings in considerable detail. The court considered both the testimony of Dr. Harding and the recidivism factors found in R.C. 2929.12(D). The court is aware the recidivism factors are advisory in nature and *Page 6 
are not necessarily designed to predict future sexually related offences. Never the less the court finds these factors to be relevant when taken in conjunction with the testimony of Dr. Harding.
 {¶ 22} "The court finds the offender previously was adjudicated a delinquent child and the offender has history of criminal convictions. The offender has not been rehabilitated to a satisfactory degree and the offender did not respond favorably to sanctions previously imposed for criminal convictions. The offender had demonstrated a pattern of drug or alcohol abuse prior to this offense. The offender stated he had been drinking on the day of the subject offense. The offender shows no genuine remorse for the offense and disclaims any responsibility for the death of the victim. These last two factors cause the court great concern. Over all the defendant presents a significant risk to the public.
 {¶ 23} "Based upon the findings made under R.C. 2950.09, the testimony of Dr. Harding, the evaluation of the entire record herein, the court finds there is a likelihood of recidivism with this offender."
 {¶ 24} Clearly the trial court followed this court's directive fromSapp II. We do not see how appellant's constitutional rights were violated because of the remands.
 {¶ 25} Assignment of Error I is denied.
 II {¶ 26} Appellant claims the trial court erred in accepting a judgment entry prepared by the prosecutor. We disagree.
 {¶ 27} At the conclusion of the hearing, the trial court stated its decision and ordered the prosecutor to prepare the entry. July 5, 2007 T. at 37. Prosecutors often *Page 7 
prepare entries, including sentencing entries. A trial court may or may not sign prepared entries at its discretion.
 {¶ 28} Upon review, we find no prejudice to appellant in the trial court signing an entry prepared by the prosecutor.
 {¶ 29} Assignment of Error II is denied.
 III {¶ 30} Appellant claims the trial court erred in classifying him as a sexual predator because sufficient evidence was not presented to support such a finding. We disagree.
 {¶ 31} In State v. Cook (1998), 83 Ohio St.3d 404, the Supreme Court of Ohio determined R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained in C.E. Morris Co. v. FoleyConstruction (1978), 54 Ohio St.2d 279. We find this to be the applicable standard as the Cook court addressed a similar challenge under a manifest weight standard of review. See, Cook at 426.
 {¶ 32} In order to classify a defendant a sexual predator, a trial court must find by clear and convincing evidence that the defendant has been convicted of or pled guilty to a sexually oriented offense and "is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E)(1).
 {¶ 33} "Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt"' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought *Page 8 
to be established." Cross v. Ledford (1954), 161 Ohio St.3d 469, paragraph three of the syllabus.
 {¶ 34} A "sexually oriented offense" includes a violation of R.C. 2903.02 "that is committed with a sexual motivation." R.C. 2950.01(D)(1)(c). Appellant was convicted of murder in violation of R.C. 2903.02. In Sapp I, this court concluded at ¶ 16, "As the trial court had before the transcript containing the above confession of Appellant, we find that the trial court did not err in finding that the murder was sexually motivated." Therefore, the remaining issue in this case is whether appellant "is likely to engage in the future in one or more sexually oriented offenses."
 {¶ 35} At the outset, appellant argues the trial court erred in taking the testimony of psychologist Michael Harding, Ph.D. because in SappI, we ordered the trial court to issue appropriate findings "based on the existing record." However, in Sapp II, we ordered the trial court to issue findings on appellant's likelihood to re-offend, without limiting its review to the existing record. Therefore, the trial court did not err in taking additional testimony on the issue.
 {¶ 36} The trial court's decision on the likelihood of appellant re-offending has been set forth in Assignment of Error I. As stated by the trial court, it relied heavily on the testing conducted by Dr. Harding. On one of those tests, the Minnesota Sex Offender Screen, appellant scored a sixteen. T. at 9. Dr. Harding opined this score was low, "associated with a 16% risk of recidivism." T. at 11. Another test, the Static 99, "tends to be more accurate for assessing recidivism risks, um, for persons whose offense included violence." Id. Appellant scored a four, "the lower most level of the moderate to high range of recidivism risk." Id. On the Historical Clinical and Risk *Page 9 
Management 20 test and the Sexual Violence Risk 20 test, appellant scored eleven out of twenty and seven out of twenty, respectively, indicating a moderate risk to re-offend. T. at 12-13. Dr. Harding concluded all of the scores combined indicate appellant is a moderate risk to re-offend. T. at 13-14. Appellant's "risk might be somewhere in the 45% range at the most." T. at 23. Dr. Harding admitted it was difficult to predict the future as far as recidivism because appellant had been incarcerated for a number of years from an early age. T. at 28. Factors that could come into play upon his release are whether appellant would seek work and become gainfully employed, and stay away from alcohol and substance abuse. Id. The likelihood to re-offend would increase if appellant failed on these factors. T. at 28-29.
 {¶ 37} In its judgment entry filed September 24, 2007 classifying appellant as a sexual predator, the trial court acknowledged the tests "disclosed a considerable variation." However, the trial court not only considered the test scores, but also Dr. Harding's testimony, appellant's prior criminal history, his unfavorable response to past sanctions, his prior alcohol and drug abuse, his lack of remorse, and his lack of accepting responsibility for the victim's death.
 {¶ 38} Upon review, we find the trial court's conclusion is supported by clear and convincing evidence and is not against the manifest weight of the evidence.
 {¶ 39} Assignment of Error III is denied.
 IV {¶ 40} Appellant claims he was denied the effective assistance of counsel. We disagree. *Page 10 
 {¶ 41} The standard this issue must be measured against is set out inState v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 {¶ 42} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976],48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v.Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 43} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 44} Specifically, appellant argues he was prejudiced for having to proceed without counsel at hearings. Appellant was represented by counsel at the last classification hearing held on July 5, 2007. His counsel cross-examined Dr. Harding for some eleven pages. T. at 16-26. We see nothing in the record to demonstrate his counsel's performance fell below an objective standard of reasonable representation, nor do we find any prejudice to appellant based on counsel's performance.
 {¶ 45} Any arguments related to counsel's performance prior to theSapp II remand should have been raised in the prior appeals.
 {¶ 46} Upon review, we do not find any ineffective assistance of counsel. *Page 11 
 V {¶ 47} Appellant claims R.C. Chapter 2950 should not apply to his case. We disagree.
 {¶ 48} Under this assignment, appellant raises the issues of retroactivity, ex post facto, equal protection, and double jeopardy. Appellant claims prior counsel was ineffective in failing to raise these issues.
 {¶ 49} This court has previously reviewed these arguments and has found them to lack merit. See, State v. Kershner, Ashland App. No. 06-COA-015, 2007-Ohio-5527; State v. Albaugh (February 1, 1999), Stark App. Nos. 1997CA00167 and 1997CA00222; State v. Bair (February 1, 1999), Stark App. No. 1997CA00232; State v. Mclntyre (February 1, 1999), Stark App. No. 1997CA00366; and Cook, supra.
 {¶ 50} Assignment of Error V is denied.
 {¶ 51} The judgment of the Court of Common Pleas of Morgan County, Ohio is hereby affirmed.
 Farmer, J. Delaney, J. concur and Hoffman, P.J. concurs separately. *Page 12